UNITED STATES DISTRICT COURT
FOR THE Northern District of Ohio
James M. Ashley and Thomas W.L. Ashley U.S. Courthouse

Drewes Farm Partnership
       Plaintiff,

v.                 Case No.: 3:19–cv–00434–JZ
                 CIVIL CASE
                 <u>MANAGEMENT PROCEDURES</u>
                 Judge Jack Zouhary

City of Toledo, Ohio
       Defendant.

---

 Unless otherwise ordered, counsel should be prepared to comply with the following case management practices designed to advance the promise of Federal Civil Rule 1.

**1. Initial Procedures**

- <u>Case Intake</u>

   When a new case is assigned to Judge Z, a member of Chambers staff typically contacts Plaintiff's counsel with a few routine, non–substantive intake questions. E.g., is the identity of defense counsel known? Have the parties engaged in any pre–filing settlement discussions?

   Once Defendant enters an appearance (or sometimes sooner, if defense counsel is already known), Chambers staff will contact counsel for both sides to schedule an Initial Phone Conference.

- <u>Initial Phone Conference</u>

   Counsel should be prepared to bring Judge Z up to speed on the facts of the case, any settlement discussions, and any key issues that have emerged so far. Judge Z will then set a Case Management Conference (CMC) –– preceded by a Settlement Conference, if requested (see below).

   NOTE: **No Motions to Dismiss may be filed before the Initial Phone Conference.** Judge Z requires counsel to discuss the basis for any Motion to Dismiss and routinely grants Plaintiff an opportunity to amend the Complaint to cure any perceived defect. If the answer date falls before the Initial Phone Conference, the deadline will be automatically tolled to allow counsel to discuss any motion practice.

   Judge Z encourages counsel to evaluate jurisdictional or other strictly legal issues that can be resolved early in the case, with little or no discovery.

- Initial Disclosures

    Judge Z takes a robust view of the initial disclosure requirement under Federal Civil Rule 26(a)(1). He requires the parties to turn their cards over at the beginning of the case –– that means both sides must produce actual documents, not just a list of responsive items. Judge Z typically requires parties to complete their disclosures *before* the CMC, so that Court and counsel can agree on a realistic case schedule.

**2. Settlement & Case Management Conferences**

At the request of counsel, Judge Z will hold a "combo" Settlement and Case Management Conference. This means he first assists the parties in making good faith settlement efforts. If the case does not resolve, he then proceeds to discuss a case schedule.

If the parties wish to discuss resolution, counsel and representatives with full settlement authority must attend in person. If the conference is limited to a CMC, Judge Z will allow counsel to attend by phone when efficient –– but counsel and clients are always welcome to attend in person.

If, during the course of the case, counsel reach agreement to adjust discovery deadlines, court approval is not needed –– **as long as those extensions do not affect the trial date.** Judge Z will not extend a previously set trial month or date absent good cause –– really good cause.

**3. Motions Practice**

- General Rules

    Unless otherwise ordered, counsel are expected to adhere to the requirements of Local Civil Rule 7.1 regarding response deadlines and page limits. **No reply briefs may be filed without prior authorization.** Judge Z will hold oral argument if he believes it will be helpful and often submits questions in advance of the hearing. He also encourages newly minted lawyers to argue whenever possible.

    Counsel shall promptly submit to Chambers a bound and tabbed courtesy hard copy of all briefing with supporting materials. Briefs shall be double–spaced (except for block quotes), in a font not less than 12 points in size, with margins of not less than one inch. Footnotes are strongly discouraged.

- Discovery Disputes

    Judge Z takes seriously the 2015 Federal Civil Rule Amendments and the mandate that discovery must be proportional to the needs of the case. Parties are encouraged to conduct themselves accordingly.

    No Motion to Compel, Motion for Protective Order, or Motion for Sanctions may be filed unless the parties have made good faith efforts to resolve the discovery

dispute. If they are unable to do so, counsel must contact Chambers to request a Phone Status. Local Civil Rule 37.1 governs discovery disputes, and counsel are expected to comply with the procedures outlined in that Rule.

- Dispositive Motions

    Much like discovery motions, no Motion for Summary Judgment may be filed unless the parties have conferred in good faith and exchanged letters outlining their respective positions and legal authorities.

    If, after these efforts, either party still believes a dispositive motion is appropriate, Judge Z will hold a Phone Status to discuss the basis for the Motion. Counsel shall submit their previously exchanged letters in advance of the Phone Status, and be prepared to identify the key issues and points of disagreement.

    If Judge Z concludes there is a good–faith basis for the Motion, he will then set a briefing schedule. If not, he will make a record of reasons with citations to disputed issues of material fact.

4. **Civility**

    Judge Z reminds counsel of the importance of civility in their interactions with colleagues both in and out of the courtroom. He expects lawyers to maintain the highest standards of professionalism, both as a courtesy, and as a necessity to effectively represent their clients.

**IT IS SO ORDERED.**

/s Jack Zouhary
JACK ZOUHARY
U.S. DISTRICT JUDGE