**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | | |
|---|---|---|
| DREWES FARMS PARTNERSHIP, | ) | Case No. 3:19-cv-00434-JZ |
| | ) | |
| Plaintiff, | ) | Hon. Jack Zouhary |
| | ) | |
| v. | ) | |
| | ) | |
| CITY OF TOLEDO, OHIO, | ) | |
| | ) | |
| Defendant. | ) | |

---

**DEFENDANT CITY OF TOLEDO'S ANSWER TO**
**PLAINTIFF'S COMPLAINT WITH JURY DEMAND**

---

Now comes the Defendant, City of Toledo ("City"), by and through counsel, and for its Answer to Plaintiff's Complaint states as follows:

1.      The City admits the allegations in paragraph 1.

2.      The text of the Lake Erie Bill of Rights ("LEBOR") Charter amendment speaks for itself. To the extent that paragraph 2 asserts legal conclusions and arguments, no response is required, and the City reserves the right to make contrary or other arguments at the appropriate time. The City lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 2, and denies the same.

3.      The City denies the allegations in paragraph 3.

4.      The City denies that it acted unlawfully. To the extent that paragraph 4 asserts legal conclusions and arguments, no response is required, and the City reserves the right to make contrary or other arguments at the appropriate time. The City lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 4, and denies the same.

5.      The City lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 5, and denies the same.

6.      To the extent that paragraph 6 and its subparts assert legal conclusions and arguments, no response is required, and the City reserves the right to make contrary or other arguments at the appropriate time. The City lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 6 and its subparts, and denies the same.

7.      The City denies that it has exceeded its authority. To the extent that paragraph 7 asserts legal conclusions and arguments, no response is required, and the City reserves the right to make contrary or other arguments at the appropriate time. The City lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 7, and denies the same.

8.      The City admits that the health of Lake Erie watershed is integral to the success of the region. To the extent that paragraph 8 asserts legal conclusions and arguments, no response is required, and the City reserves the right to make contrary or other arguments at the appropriate time. The City lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 8, and denies the same.

9.      To the extent that paragraph 9 asserts legal conclusions and arguments, no response is required, and the City reserves the right to make contrary or other arguments at the appropriate time. The City denies that Plaintiff is entitled to any relief.

10.     The City lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 10, and denies the same.

11.     The City admits the allegations in paragraph 11.

12.     In response to paragraph 12, the City states that Plaintiff's Complaint speaks for itself, and admits that this Court has jurisdiction over this matter. The City denies Paragraph 12 to the extent that it may suggest that Plaintiff is entitled to any relief.

13.     In response to paragraph 13, the City states that Plaintiff's Complaint speaks for itself, and admits that this Court has jurisdiction over this matter. The City denies paragraph 13 to the extent that it may suggest that Plaintiff is entitled to any relief.

14.     In response to paragraph 14, the City states that Plaintiff's Complaint speaks for itself, and admits that this Court has jurisdiction over this matter. The City denies Paragraph 14 to the extent that it may suggest that Plaintiff is entitled to any relief.

15.     In response to paragraph 15, the City states that Plaintiff's Complaint speaks for itself. The City denies paragraph 15 to the extent that it may suggest that Plaintiff is entitled to any relief.

16.     In response to paragraph 16, the City states that Plaintiff's Complaint speaks for itself, and admits that venue is proper in this Court. The City denies paragraph 16 to the extent that it may suggest that Plaintiff is entitled to any relief.

17.     The City lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 17, and denies the same.

18.     The City lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 18, and denies the same.

19.     The City lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 19, and denies the same. Further responding, the City states that the purported referenced leases in paragraph 19 will speak for themselves and that Plaintiff has failed to attach or include the referenced leases as exhibits to the complaint.

20.     The City lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 20, and denies the same.

21.     The City lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 21, and denies the same.

22.     The City lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 22, and denies the same. Further responding, the City states that the purported referenced contracts in paragraph 22 will speak for themselves and that Plaintiff has failed to attach or include the referenced contracts as exhibits to the complaint.

23.     The City lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 23, and denies the same.

24.     The City lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 24, and denies the same.

25.     The City lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 25 and its subparts, and denies the same. To

4

the extent that paragraph 25 and its subparts assert legal conclusions and arguments, no response is required, and the City reserves the right to make contrary or other arguments at the appropriate time. Further responding, Plaintiff fails to identify which fertilization "legal requirements" it references in paragraph 25 and its subparts.

26.    The City lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 26, and denies the same.

27.    The City lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 27, and denies the same.

28.    The City lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 28, and denies the same. Further responding, the City states that the purported referenced certificates, which are not attached to the complaint, will speak for themselves.

29.    The City lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 29, and denies the same.

30.    The City lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 30, and denies the same.

31.    The City lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 31, and denies the same.

32.    The City lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 32, and denies the same.

33.    The City lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 33, and denies the same.

34.    The City lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 34, and denies the same.

35.     The City lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 35, and denies the same.

36.     The City lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 36, and denies the same.

37.     The City admits the allegations in paragraph 37. Further answering, the City states that the LEBOR petition speaks for itself.

38.     The City admits the allegations in paragraph 38. Further answering, the City states that Ordinance 497-18 speaks for itself.

39.     In response to paragraph 39, the City states that the text of LEBOR that appeared on the February 26, 2019 election ballot speaks for itself.

40.     In response to paragraph 40, the City admits that the Lucas County Board of Elections held a hearing on or about December 20, 2018.

41.     In response to paragraph 41, the City states that the Lucas County Board of Elections vote speaks for itself. To the extent that paragraph 41 asserts legal conclusions and arguments, no response is required, and the City reserves the right to make contrary or other arguments at the appropriate time.

42.     In response to paragraph 42, the City admits that the Supreme Court of Ohio heard an action for a writ of prohibition related to LEBOR.

43.     In response to paragraph 43, the City states that the Supreme Court of Ohio's January 23, 2019 decision speaks for itself.

44.     In response to paragraph 44, the City states that the February 18, 2019 New York Times article speaks for itself.

45.     The City admits that a special election was held on February 26, 2019, and that the LEBOR Charter amendment passed.

46.     To the extent that paragraph 46 asserts legal conclusions and arguments, no response is required, and the City reserves the right to make contrary or other arguments at the appropriate time. Further responding, the City lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 46, and therefore denies the same.

47.     The text of LEBOR speaks for itself. To the extent that paragraph 47 asserts legal conclusions and arguments, no response is required, and the City reserves the right to make contrary or other arguments at the appropriate time.

48.     The text of LEBOR speaks for itself. To the extent that paragraph 48 asserts legal conclusions and arguments, no response is required, and the City reserves the right to make contrary or other arguments at the appropriate time.

49.     The text of LEBOR speaks for itself. To the extent that paragraph 49 asserts legal conclusions and arguments, no response is required, and the City reserves the right to make contrary or other arguments at the appropriate time.

50.     The text of LEBOR speaks for itself. To the extent that paragraph 50 asserts legal conclusions and arguments, no response is required, and the City reserves the right to make contrary or other arguments at the appropriate time.

51.     The City lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 51, and denies the same.

52.     The text of LEBOR speaks for itself. To the extent that paragraph 52 asserts legal conclusions and arguments, no response is required, and the City reserves the right to make contrary or other arguments at the appropriate time.

53.    The text of LEBOR speaks for itself. To the extent that paragraph 53 asserts legal conclusions and arguments, no response is required, and the City reserves the right to make contrary or other arguments at the appropriate time.

54.    The text of LEBOR speaks for itself. To the extent that paragraph 54 asserts legal conclusions and arguments, no response is required, and the City reserves the right to make contrary or other arguments at the appropriate time.

55.    The text of LEBOR speaks for itself. To the extent that paragraph 55 asserts legal conclusions and arguments, no response is required, and the City reserves the right to make contrary or other arguments at the appropriate time. The City lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 55 pertaining to the purported referenced certificates and permits, and denies the same.

56.    The City lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 56 pertaining to the purported referenced leases and contracts, and denies the same. The text of LEBOR speaks for itself. To the extent that paragraph 56 asserts legal conclusions and arguments, no response is required, and the City reserves the right to make contrary or other arguments at the appropriate time.

57.    The City denies the allegations in paragraph 57.

58.     To the extent that paragraph 58 asserts legal conclusions and arguments, no response is required, and the City reserves the right to make contrary or other arguments at the appropriate time. The City lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 58 pertaining to Plaintiff's farming operations and fertilization, and denies the same.

**In Response to Count I**

59.    In response to paragraph 59, the City states that the First Amendment of the United States Constitution speaks for itself.

60.    The LEBOR Charter amendment speaks for itself. To the extent that paragraph 60 asserts legal conclusions and arguments, no response is required, and the City reserves the right to make contrary or other arguments at the appropriate time.

61.    The City denies the allegations in paragraph 61.

62.    The City denies the allegations in paragraph 62.

**In Response to Count II**

63.    In response to paragraph 63, the City states that the Fourteenth Amendment of the United States Constitution speaks for itself. To the extent that paragraph 63 asserts legal conclusions and arguments, no response is required, and the City reserves the right to make contrary or other arguments at the appropriate time.

64.    To the extent that paragraph 64 asserts legal conclusions and arguments, no response is required, and the City reserves the right to make contrary or other arguments at the appropriate time.

65.    The LEBOR Charter amendment speaks for itself. To the extent that paragraph 65 asserts legal conclusions and arguments, no response is required, and the City reserves the right to make contrary or other arguments at the appropriate time.

66.    To the extent that paragraph 66 asserts legal conclusions and arguments, no response is required, and the City reserves the right to make contrary or other arguments at the appropriate time.

67. To the extent that paragraph 67 asserts legal conclusions and arguments, no response is required, and the City reserves the right to make contrary or other arguments at the appropriate time.

## In Response to Count III

68. In response to paragraph 68, the City states that the Fifth Amendment of the United States Constitution speaks for itself.

69. The LEBOR Charter amendment speaks for itself.

70. The LEBOR Charter amendment speaks for itself.

71. The LEBOR Charter amendment speaks for itself. To the extent that paragraph 71 asserts legal conclusions and arguments, no response is required, and the City reserves the right to make contrary or other arguments at the appropriate time.

72. The LEBOR Charter amendment speaks for itself. To the extent that paragraph 72 asserts legal conclusions and arguments, no response is required, and the City reserves the right to make contrary or other arguments at the appropriate time.

73. The LEBOR Charter amendment speaks for itself. To the extent that paragraph 73 asserts legal conclusions and arguments, no response is required, and the City reserves the right to make contrary or other arguments at the appropriate time.

74. The LEBOR Charter amendment speaks for itself. To the extent that paragraph 74 asserts legal conclusions and arguments, no response is required, and the City reserves the right to make contrary or other arguments at the appropriate time.

75. The LEBOR Charter amendment speaks for itself. To the extent that paragraph 75 asserts legal conclusions and arguments, no response is required, and the City reserves the right to make contrary or other arguments at the appropriate time.

76.     The LEBOR Charter amendment speaks for itself. To the extent that paragraph 76 asserts legal conclusions and arguments, no response is required, and the City reserves the right to make contrary or other arguments at the appropriate time.

77.     The LEBOR Charter amendment speaks for itself. To the extent that paragraph 77 asserts legal conclusions and arguments, no response is required, and the City reserves the right to make contrary or other arguments at the appropriate time.

78.     The LEBOR Charter amendment speaks for itself. To the extent that paragraph 78 asserts legal conclusions and arguments, no response is required, and the City reserves the right to make contrary or other arguments at the appropriate time.

**In Response to Count IV**

79.     In response to paragraph 79, the City states that the Fifth and Fourteenth Amendments of the United States Constitution speak for themselves.

80.     The LEBOR Charter amendment speaks for itself. To the extent that paragraph 80 asserts legal conclusions and arguments, no response is required, and the City reserves the right to make contrary or other arguments at the appropriate time.

81.     The LEBOR Charter amendment speaks for itself. The City denies that it lacks authority to adopt LEBOR. To the extent that paragraph 81 asserts legal conclusions and arguments, no response is required, and the City reserves the right to make contrary or other arguments at the appropriate time.

82.     The LEBOR Charter amendment speaks for itself. To the extent that paragraph 82 asserts legal conclusions and arguments, no response is required, and the City reserves the right to make contrary or other arguments at the appropriate time.

83.    The LEBOR Charter amendment speaks for itself. To the extent that paragraph 83 asserts legal conclusions and arguments, no response is required, and the City reserves the right to make contrary or other arguments at the appropriate time.

## In Response to Count V

84.    In response to paragraph 84, the City states that the Fifth and Fourteenth Amendments of the United States Constitution speak for themselves.

85.    The City denies the allegations in paragraph 85. Further responding, the LEBOR Charter amendment speaks for itself. To the extent that paragraph 85 asserts legal conclusions and arguments, no response is required, and the City reserves the right to make contrary or other arguments at the appropriate time.

86.    The City denies the allegations in paragraph 86. Further responding, the LEBOR Charter amendment speaks for itself. To the extent that paragraph 86 asserts legal conclusions and arguments, no response is required, and the City reserves the right to make contrary or other arguments at the appropriate time.

87.    The City denies the allegations in paragraph 87. Further responding, the LEBOR Charter amendment speaks for itself. To the extent that paragraph 87 asserts legal conclusions and arguments, no response is required, and the City reserves the right to make contrary or other arguments at the appropriate time.

## In Response to Count VI

88.    The City denies the allegations in paragraph 88.

89.    The City denies the allegations in paragraph 89. The LEBOR Charter amendment speaks for itself. To the extent that paragraph 89 asserts legal conclusions and arguments, no response is required, and the City reserves the right to make contrary or other arguments at the appropriate time.

90.     To the extent that paragraph 90 asserts legal conclusions and arguments, no response is required, and the City reserves the right to make contrary or other arguments at the appropriate time.

**In Response to Federal Preemption – Foreign Affairs Preemption**

91.     To the extent that paragraph 91 asserts legal conclusions and arguments, no response is required, and the City reserves the right to make contrary or other arguments at the appropriate time.

92.     To the extent that paragraph 92 asserts legal conclusions and arguments, no response is required, and the City reserves the right to make contrary or other arguments at the appropriate time.

93.     The geographic borders and boundaries of the United States, Lake Erie, and Canada speak for themselves. To the extent that paragraph 93 asserts legal conclusions and arguments, no response is required, and the City reserves the right to make contrary or other arguments at the appropriate time.

94.     In response to paragraph 94, the LEBOR Charter amendment speaks for itself.

95.     The LEBOR Charter amendment speaks for itself. To the extent that paragraph 95 asserts legal conclusions and arguments, no response is required, and the City reserves the right to make contrary or other arguments at the appropriate time.

96.     The LEBOR Charter amendment speaks for itself. To the extent that paragraph 96 asserts legal conclusions and arguments, no response is required, and the City reserves the right to make contrary or other arguments at the appropriate time.

97.    The LEBOR Charter amendment speaks for itself. To the extent that paragraph 97 asserts legal conclusions and arguments, no response is required, and the City reserves the right to make contrary or other arguments at the appropriate time.

98.    The LEBOR Charter amendment speaks for itself. To the extent that paragraph 98 asserts legal conclusions and arguments, no response is required, and the City reserves the right to make contrary or other arguments at the appropriate time.

99.    To the extent that paragraph 99 asserts legal conclusions and arguments, no response is required, and the City reserves the right to make contrary or other arguments at the appropriate time.

**In Response to State Law Preemption – Ohio Constitution, Article XVIII § 3**

100.    In response to paragraph 100, Article VIII § 3 of the Ohio Constitution speaks for itself.

101.    The LEBOR Charter amendment speaks for itself. To the extent that paragraph 101 asserts legal conclusions and arguments, no response is required, and the City reserves the right to make contrary or other arguments at the appropriate time.

102.    The LEBOR Charter amendment speaks for itself. To the extent that paragraph 102 asserts legal conclusions and arguments, no response is required, and the City reserves the right to make contrary or other arguments at the appropriate time.

103.    To the extent that paragraph 103 asserts legal conclusions and arguments, no response is required, and the City reserves the right to make contrary or other arguments at the appropriate time.

14

## In Response to State Law Preemption – O.R.C. 1506.10

104.   The LEBOR Charter amendment speaks for itself. To the extent that paragraph 104 asserts legal conclusions and arguments, no response is required, and the City reserves the right to make contrary or other arguments at the appropriate time.

105.   The LEBOR Charter amendment speaks for itself. To the extent that paragraph 105 asserts legal conclusions and arguments, no response is required, and the City reserves the right to make contrary or other arguments at the appropriate time.

106.   The LEBOR Charter amendment speaks for itself. To the extent that paragraph 106 asserts legal conclusions and arguments, no response is required, and the City reserves the right to make contrary or other arguments at the appropriate time.

107.   The LEBOR Charter amendment speaks for itself. To the extent that paragraph 107 asserts legal conclusions and arguments, no response is required, and the City reserves the right to make contrary or other arguments at the appropriate time.

108.   In response to paragraph 108, Section 1506.10 of the Ohio Revised Code speaks for itself.

109.   To the extent that paragraph 109 asserts legal conclusions and arguments, no response is required, and the City reserves the right to make contrary or other arguments at the appropriate time.

110.   In response to paragraph 110, Section 1506.10 of the Ohio Revised Code speaks for itself. To the extent that paragraph 110 asserts legal conclusions and arguments, no response is required, and the City reserves the right to make contrary or other arguments at the appropriate time.

111.   The LEBOR Charter amendment speaks for itself. In response to paragraph 111, Section 1506.10 of the Ohio Revised Code speaks for itself. To the extent

15

that paragraph 111 asserts legal conclusions and arguments, no response is required, and the City reserves the right to make contrary or other arguments at the appropriate time.

112.    The LEBOR Charter amendment speaks for itself. In response to paragraph 112, Section 1506.10 of the Ohio Revised Code speaks for itself. To the extent that paragraph 112 asserts legal conclusions and arguments, no response is required, and the City reserves the right to make contrary or other arguments at the appropriate time.

113.    The LEBOR Charter amendment speaks for itself. In response to paragraph 113, Section 1506.10 of the Ohio Revised Code speaks for itself. To the extent that paragraph 113 asserts legal conclusions and arguments, no response is required, and the City reserves the right to make contrary or other arguments at the appropriate time.

114.    The LEBOR Charter amendment speaks for itself. Further responding to paragraph 114, Article XVIII §3 of the Ohio Constitution speaks for itself. To the extent that paragraph 114 asserts legal conclusions and arguments, no response is required, and the City reserves the right to make contrary or other arguments at the appropriate time.

**In Response to State Law Preemption – Private Causes of Action**

115.    In response to paragraph 115, the LEBOR Charter amendment speaks for itself.

116.    In response to paragraph 116, the LEBOR Charter amendment speaks for itself.

117.    In response to paragraph 117, the LEBOR Charter amendment speaks for itself.

118.    In response to paragraph 118, the LEBOR Charter amendment speaks for itself. To the extent that paragraph 118 asserts legal conclusions and arguments, no response is required, and the City reserves the right to make contrary or other arguments at the appropriate time.

119.    To the extent that paragraph 119 asserts legal conclusions and arguments, no response is required, and the City reserves the right to make contrary or other arguments at the appropriate time.

120.    In response to paragraph 120, Article XVIII of the Ohio Constitution speaks for itself. To the extent that paragraph 120 asserts legal conclusions and arguments, no response is required, and the City reserves the right to make contrary or other arguments at the appropriate time.

### In Response to State Law Preemption – State Court Jurisdiction

121.    In response to paragraph 121, Article IV of the Ohio Constitution speaks for itself. To the extent that paragraph 121 asserts legal conclusions and arguments, no response is required, and the City reserves the right to make contrary or other arguments at the appropriate time.

122.    In response to paragraph 122, the LEBOR Charter amendment speaks for itself.

123.    To the extent that paragraph 123 asserts legal conclusions and arguments, no response is required, and the City reserves the right to make contrary or other arguments at the appropriate time.

124.    To the extent that paragraph 124 asserts legal conclusions and arguments, no response is required, and the City reserves the right to make contrary or other arguments at the appropriate time.

125.    To the extent that paragraph 125 asserts legal conclusions and arguments, no response is required, and the City reserves the right to make contrary or other arguments at the appropriate time.

### In Response to State Law Preemption – Corporate Law

126.    In response to paragraph 126, the LEBOR Charter amendment speaks for itself.

127.    In response to paragraph 127, Article XII of the Ohio Constitution speaks for itself. To the extent that paragraph 127 asserts legal conclusions and arguments, no response is required, and the City reserves the right to make contrary or other arguments at the appropriate time.

128.    In response to paragraph 128, Ohio Revised Code Chapter 1701 speaks for itself. To the extent that paragraph 128 asserts legal conclusions and arguments, no response is required, and the City reserves the right to make contrary or other arguments at the appropriate time.

129.    To the extent that paragraph 129 asserts legal conclusions and arguments, no response is required, and the City reserves the right to make contrary or other arguments at the appropriate time.

### In Response to State Law Preemption – Administrative Action

130.    To the extent that paragraph 130 asserts legal conclusions and arguments, no response is required, and the City reserves the right to make contrary or other arguments at the appropriate time.

18

131.    In response to paragraph 131, the LEBOR Charter amendment speaks for itself. To the extent that paragraph 131 asserts legal conclusions and arguments, no response is required, and the City reserves the right to make contrary or other arguments at the appropriate time.

132.    In response to paragraph 132, the LEBOR Charter amendment speaks for itself. To the extent that paragraph 132 asserts legal conclusions and arguments, no response is required, and the City reserves the right to make contrary or other arguments at the appropriate time.

### In Response to Declaratory Relief Claim

133.    To the extent that paragraph 133 and its subparts a-l assert legal conclusions and arguments, no response is required, and the City reserves the right to make contrary or other arguments at the appropriate time. Further responding, the City restates all of its admissions, denials, and averments in paragraphs 1 to 132 as if fully rewritten herein. The City further denies that Plaintiff is entitled to the relief requested in the Complaint.

134.    To the extent that paragraph 134 asserts legal conclusions and arguments, no response is required, and the City reserves the right to make contrary or other arguments at the appropriate time. Further responding, the City restates all of its admissions, denials, and averments in paragraphs 1 to 133 as if fully rewritten herein. The City further denies that Plaintiff is entitled to the relief requested in the Complaint.

135.    To the extent that paragraph 135 asserts legal conclusions and arguments, no response is required, and the City reserves the right to make contrary or other arguments at the appropriate time. Further responding, the City restates all of its

admissions, denials, and averments in paragraphs 1 to 134 as if fully rewritten herein. The City further denies that Plaintiff is entitled to the relief requested in the Complaint.

136.    To the extent that paragraph 136 and its subparts a-l assert legal conclusions and arguments, no response is required, and the City reserves the right to make contrary or other arguments at the appropriate time. Further responding, the City restates all of its admissions, denials, and averments in paragraphs 1 to 135 as if fully rewritten herein. The City further denies that Plaintiff is entitled to the relief requested in the Complaint.

137.    To the extent that paragraph 137 asserts legal conclusions and arguments, no response is required, and the City reserves the right to make contrary or other arguments at the appropriate time. Further responding, the City restates all of its admissions, denials, and averments in paragraphs 1 to 136 as if fully rewritten herein. The City further denies that Plaintiff is entitled to the relief requested in the Complaint.

138.    In response to paragraph 138, the City restates all of its admissions, denials, and averments in paragraphs 1 to 137 as if fully rewritten herein. The City further denies that Plaintiff is entitled to the relief requested in the Complaint.

139.    The City denies each allegation not specifically and expressly admitted in its answer.

## AFFIRMATIVE AND OTHER DEFENSES

### First Defense

140.    Defendant denies each allegation not specifically and expressly admitted in its answer. Defendant re-avers and re-alleges all its previous answers, averments, and denials as if fully rewritten herein.

## Second Defense

141.    Plaintiff lacks standing and capacity to sue and bring some or all of Plaintiff's claims.

## Third Defense

142.    Some or all of Plaintiff's claims fail to state a claim upon which relief can be granted.

## Fourth Defense

143.    All of Plaintiff's causes of action are barred on the grounds that they are premature, speculative, and not ripe for adjudication.

## Fifth Defense

144.    At all material times hereto, the City legally and properly acted in its role of permitting the LEBOR initiative petition to proceed through the electoral process.

## Sixth Defense

145.    At all material times hereto, the City acted in good faith.

## Seventh Defense

146.    At all material times hereto, the City was privileged and/or authorized to act.

## Eighth Defense

147.    At all material times hereto, the City had a duty to act.

## Ninth Defense

148.    Plaintiff is not entitled to the relief requested on the ground that the requested relief would violate the rights of the citizens and residents of the City of Toledo.

## Tenth Defense

149.    Plaintiff has failed to join proper and necessary parties pursuant to Federal Rule of Civil Procedure 19.

## Eleventh Defense

150.    The City has immunity, including but not limited to absolute and sovereign, and, as such, is immune from liability from Plaintiff's claims.

## Twelfth Defense

151.    To the extent that Plaintiff is able to prove any of its claims, although such claims are expressly denied, it has a duty to mitigate any alleged damages, but it has failed to do so.

## Thirteenth Defense

152.    Plaintiff has failed to state sufficient grounds for costs of suit, for reasonable attorneys' fees, or for any other relief.

## Fourteenth Defense

153.    Plaintiff may not have alleged or be able to establish the prerequisites for declaratory, injunctive, or equitable relief.

## Fifteenth Defense

154.    Plaintiff has failed to state an actual or imminent harm.

## Sixteenth Defense

155.    The City of Toledo reserves the right, to amend its answer and assert such additional affirmative and other defenses as may be appropriate in light of its investigation or discovery in this action.

WHEREFORE, Defendant City of Toledo respectfully requests:

1.    that all relief requested in the Complaint be denied, and that the Complaint be dismissed in its entirety with prejudice;

2.    that Plaintiff take nothing by this action;

3.    that judgment be entered in the City of Toledo's favor;

4.    that the City of Toledo be awarded all costs of suit, including reasonable attorneys' fees; and

5.    that the Court award the City of Toledo all other relief that the Court deems just and proper.

Respectfully submitted,


*/s/ Sarah K. Skow*
Gerald R. Kowalski (0022323)
Sarah K. Skow (0081468)
SPENGLER NATHANSON P.L.L.
900 Adams Street
Toledo, Ohio  43604-5505
Telephone:  (419) 241-2201
Facsimile:  (419) 241-8599
gkowalski@snlaw.com
sskow@snlaw.com

*Counsel for Defendant*

## JURY DEMAND

Defendant the City of Toledo hereby demands a trial by jury on all issues so triable.


*/s/ Sarah K. Skow*
Sarah K. Skow
*Counsel for City of Toledo*

## CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing has been electronically filed this 27th day of March, 2019. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. Parties may access this filing through the Court's system.

*/s/ Sarah K. Skow*

Sarah K. Skow

430409