

Vorys, Sater, Seymour and Pease LLP
Legal Counsel

52 East Gay Street
P.O. Box 1008
Columbus, Ohio 43216-1008

614.464.6400 | www.vorys.com

Founded 1909

Thomas H. Fusonie
Direct Dial (614) 464-8261
Direct Fax (614) 719-4886
Email thfusonie@vorys.com

April 9, 2019

<u>**VIA E-MAIL ONLY**</u>

Gerald R. Kowalski
Sarah K. Skow
Spengler Nathanson P.L.L.
900 Adams Street
Toledo, Ohio 43604-5505

      Re:   *Drewes Farms Partnership v. Toledo* - Pre-Dispositive Motion Correspondence

Dear Counsel:

      We write in accordance with Section 3 of Judge Zouhary's Civil Case Management Procedures (ECF No. 4), which requires parties to confer in good faith and exchange letters prior to filing a dispositive motion. We intend to file a Rule 12(c) motion for judgment on the pleadings. Not only do we write to comply with the Court's procedures, but to make another attempt to limit Toledo's exposure under 42 U.S.C. § 1988, to preserve the Court's and parties' time and resources, and to obtain a resolution before the growing season is in full swing.

      Drewes Farms' complaint raises facial challenges to Toledo's Lake Erie Bill of Rights Charter Amendment under the United States Constitution, federal law, and state law. In its Answer, Toledo repeatedly agreed that "LEBOR" speaks for itself. Thus, we can agree that Drewes Farms' facial challenges can appropriately be addressed by a motion for judgment on the pleadings.

      Although we look forward to receiving your position in response generally, we raise the following issues to determine whether there is a way to amicably resolve this matter without dispositive motions or, at least to reduce the number of disputed issues that are raised to the Court. Therefore, for each of the numbered issues below, please indicate whether: "Yes" the City will stipulate to it as correct, or "No" the City will dispute it:

EXHIBIT B



Gerald R. Kowalski
Sarah K. Skow
April 9, 2019
Page 2

1) LEBOR violates the First Amendment by stripping "corporations" (defined in LEBOR as "any business entity") of their First Amendment right to seek relief from the judiciary branch to pursue specific, and otherwise-valid claims in court.

2) LEBOR violates the First Amendment because it is a viewpoint restriction.

3) LEBOR violates the First Amendment's prohibition against laws that abridge the right to "petition the Government for redress of grievances."

4) LEBOR violates the Equal Protection Clause because it denies "corporations" equal protection of the laws.

5) LEBOR is void for its vagueness.

6) LEBOR violates procedural due process.

7) LEBOR violates substantive due process rights of "corporations" by denying "corporations" their rights under the First, Fifth, and Fourteenth Amendments.

8) LEBOR is preempted by federal law including that it attempts to regulate foreign affairs.

9) LEBOR regulates the portion of Lake Erie within Canada.

10) LEBOR regulates the portion of Lake Erie within New York.

11) LEBOR regulates the portion of Lake Erie within Pennsylvania.

12) LEBOR regulates the portion of Lake Erie within Michigan.

13) LEBOR regulates the portion of Lake Erie within Ohio that is outside of Lucas County, Ohio.

14) LEBOR regulates the portion of Lake Erie within Ohio that is outside of Toledo, Ohio.

15) LEBOR is preempted by Article XVIII, Section 3 of the Ohio Constitution because it conflicts with general laws of Ohio.



VORYS
Legal Counsel

Gerald R. Kowalski
Sarah K. Skow
April 9, 2019
Page 3

16) LEBOR is preempted by Article XVIII, Section 3 of the Ohio Constitution because it purports to nullify state authorizations to "corporations."

17) LEBOR is preempted by Ohio Revised Code Section 1506.10.

18) LEBOR's attempt to create new causes of action is invalid and unenforceable under the Ohio Constitution, Article XVIII, Section 3.

19) LEBOR violates Ohio Constitution, Article XVIII, Section 3 by attempting to create statutory standing to the "Lake Erie Ecosystem" by giving it the power to sue in the Court of Common Pleas in Lucas County, Ohio.

20) LEBOR violates Article XIII, Section 2 of the Ohio Constitution by attempting to diminish the "rights, powers, privileges, immunities, [and] duties" of "corporations."

21) LEBOR unlawfully denies privileges issued by agencies of the State of Ohio to "corporations."

22) LEBOR unlawfully denies privileges issued by agencies of the United States of America.

23) LEBOR must be permanently enjoined in its entirety as a matter of law.

24) The entirety of LEBOR must be invalidated as a matter of law.

Based on case law, common sense, and the history of similar litigation, it is hard to imagine that any of the foregoing issues can be seriously disputed. The State of Ohio's recent motion to intervene only adds additional credibility to Drewes Farms' position. We therefore encourage the City of Toledo to agree to resolve this matter short of additional litigation through a consent decree. Indeed, if the City agrees that any of the above issues are correct, it is in the best interest of Toledo to negotiate a consent decree as soon as possible with Drewes Farms.

Doing so will not only protect Toledo from incurring its own additional legal expenses and from being sued in a LEBOR suit by a citizen disgruntled with the City's own impact on the Lake Erie Ecosystem, but will also minimize the City's obligations to pay Drewes Farms' attorneys' fees under § 1988. As you may be aware, on March 31, 2019, the Western District of Pennsylvania required Grant Township to pay plaintiffs' attorneys' fees after one of CELDF's other local laws similar to LEBOR was found unlawful and unconstitutional. *See*



Gerald R. Kowalski
Sarah K. Skow
April 9, 2019
Page 4

*Pennsylvania General Energy Co., LLC v. Grant Township*, Case No. 1:14-cv-00209, Memorandum Opinion (W.D. Penn. March 31, 2019).

      We request Toledo's response by April 16, 2019, so that we can either move promptly to file a Rule 12(c) motion or negotiate the terms of a consent decree for the Court's consideration and approval.

Very truly yours,

Thomas H. Fusonie

THF/gjs

cc:  Kimberly Herlihy
      Daniel Shuey



**GERALD R. KOWALSKI**
GKOWALSKI@SNLAW.COM
419.252.6239

**SARAH K. SKOW**
SSKOW@SNLAW.COM
419.252.6235

May 9, 2019

<u>Via Electronic Mail Only</u>

Thomas H. Fusonie
Kimberly Herlihy
Daniel Shuey
Vorys, Sater, Seymore and Pease LLP
52 East Gay Street
P.O. Box 1008
Columbus, OH 43216-1008

      RE:    Drewes Farms Partnership's Intention to file a Rule 12(C) Motion
              *Drewes Farms Partnership v. City of Toledo*, Case No. 3:19-cv-00434

Dear Counsel,

      Pursuant to the Court's May 7, 2019 Order (Doc #23) and in accordance with the Court's local practice, we write in response to your letter dated April 9, 2019, and to again explain the City of Toledo's position regarding your intention to seek leave to file a Rule 12(C) motion at this stage of the litigation.

      During our April 23, 2019 telephone call, Gerry explained the various factors as to why the City of Toledo cannot agree to the 24 issues to which you have proposed the City stipulate. As you are aware, the Lake Erie Bill of Rights Charter Amendment ("LEBOR") was passed by a duly-authorized citizens' initiative petition, and is now part of the City's Charter. Accordingly, the City cannot agree to the 24 issues you have proposed for a consent decree, because that would improperly amend or repeal LEBOR without a general vote of the people of Toledo on the same. *See*, Ohio Constitution, Article XVIII, §9, and City of Toledo Charter, Chapter V.

      During our April 12th and 23rd phone calls, we explained the City's position that dispositive motions would be procedurally premature before all potential parties had entered the case. At the time you sent your April 9th letter and during the April 12th and 23rd telephone calls, motions to intervene had been filed by potential intervening defendant Toledoans for Safe Water ("TSW") and Lake Erie and then-potential intervening plaintiff State of Ohio.

Thomas H. Fusonie
Kimberly Herlihy
Daniel Shuey
May 9, 2019
Page 2

As you know, the Court has since granted the State of Ohio's motion to intervene. But the State of Ohio has not filed its required pleading setting out its claims. See Doc. #21 at 2. And while the Court excused the State of Ohio's failure to submit its pleading along with its motion to intervene for purposes of deciding that motion, the record still does not contain the State of Ohio's required pleading. The State's Motion to Intervene establishes that the State of Ohio has different and divergent interests from Drewes Farms Partnership ("DFP"), and the State of Ohio must submit its pleading in the record so that the City may respond to it. The City should be able to respond to all claims against it before proceeding to any motion practice.

In light of the Court's May 7th ruling denying TSW and Lake Erie's motion to intervene, TSW and Lake Erie have now filed a motion to stay indicating they will appeal the Court's denial of their intervention. See Doc. #25. In the event that TSW and Lake Erie's appeal is successful, they too will have an interest in responding to and defending against your client's complaint and the State of Ohio's eventual complaint. The City does not believe it is in any party's interest to engage on the issues related to LEBOR in various courts or in piecemeal motion practice. Rather, to conserve the parties' and the Court's resources, the City believes that motion practice on pleadings should not be considered until all parties and all pleadings are before the Court.

Given the Stipulated Preliminary Injunction, DFP will not suffer any prejudice by not proceeding to submit a motion for judgment on the pleadings until all of the parties and their respective pleadings are before the Court.

In addition to the procedural reasons a motion on the pleadings is unwarranted at this juncture, the questions about whether DFP has standing to assert the claims in its complaint further establish that a Rule 12(C) motion is inappropriate.

DFP's complaint does not allege an injury in fact necessary to establish standing to pursue its claims; it fails to allege an actual or imminent, concrete and particularized injury. Rather, DFP repeatedly alleges that its farming practices are compliant with regulations and best practices, and that DFP takes extra measures beyond state and federal regulations to minimize runoff and pollution. It has not alleged that it has violated LEBOR in order to establish that any injury would be redressed by a favorable decision from this Court. DFP also cannot proceed on its foreign affairs preemption claim. It does not allege that it is a Canadian corporate citizen or that it even has Canadian operations. Accordingly, DFP fails to establish an injury of fact necessary to assert those claims in Count VI of the complaint. See Doc. #1 at ¶¶91-99. DFP's conclusory and speculative allegations that its constitutional rights are somehow violated by LEBOR do not sufficiently establish an injury in fact or otherwise satisfy standing requirements. *See Valley Forge Christian College v. Americans United for*

Thomas H. Fusonie
Kimberly Herlihy
Daniel Shuey
May 9, 2019
Page 3

*Separation of Church and State*, 454 US 464, 472-75, 482-86 (1982). At least some discovery is needed to establish whether DFP has standing, whether DFP's status as a partnership precludes it from asserting the constitutional claims in its complaint, and whether DFP is the real party in interest for the attorney fee claim.

For the foregoing reasons, the City does not agree that the alleged facial challenges in DFP's complaint can or should be decided now under Rule 12(C).

Respectfully submitted,

SPENGLER NATHANSON, P.L.L.

*[signature]*

Gerald R. Kowalski

*[signature]*

Sarah K. Skow

cc: Daniel J. Martin, Esq. (via email)
Amanda M. Ferguson, Esq. (via email)
Gregg H. Bachmann, Esq. (via email)

GRK/SKS:acs

437811



**Dave Yost**
Ohio Attorney General

Environmental Enforcement
Office: (614) 466-2766
Fax:  (614) 644-1926

*Via email*  May 9, 2019

Thomas H. Fusonie
Daniel E. Shuey
Vorys, Sater, Seymour and Pease LLP
52 East Gay Street
Columbus, Ohio 43215

Gerald R. Kowalski
Sarah K. Show
Spengler Nathanson P.L.L.
900 Adams Street
Toledo, Ohio 43604-5505

Dear Counsel:

Per the Court's May 7, 2019 Order, we submit to you the State's letter as part of a joint filing regarding a motion for judgment on the pleadings.

Filing a Fed. Rule Civ. P. 12 (c) motion for judgment on the pleadings would afford an effective path forward in this litigation. As the issues center upon the lawfulness of the Toledo Charter Amendment under federal and Ohio law and their respective constitutions, resolution of those issues can be made by the Court upon the pleadings. Further, since the issues are rooted in law rather than fact, fact discovery is unnecessary, would unduly prolong this matter, and would not assist the Court in reaching a resolution. Thus, discovery and a dispositive motion deadline should not be needed. We request that the Court set a deadline for when all pleadings and/or amended pleadings must be submitted.

As always, we are willing to mutually resolve this case via consent order approved by the Court. Please let us know if your clients are interested in resolving the case in that manner.

Respectfully yours,

DAVE YOST
Attorney General of Ohio

Daniel J. Martin (0065249)
Amanda M. Ferguson (0089576)
Gregg H. Bachmann (0039531)
Assistant Attorneys General
Environmental Enforcement Section
30 East Broad Street, 25th Floor
Columbus, Ohio 43215
Tel: 614-466-2766; Fax: 614-752-2441
Daniel.Martin@ohioattorneygeneral.gov
Amanda.Ferguson@ohioattorneygeneral.gov
Gregg.Bachmann@ohioattorneygeneral.gov