# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | | |
|---|---|---|
| DREWES FARMS PARTNERSHIP, | ) | Case No. 3:19-cv-00434-JZ |
| | ) | |
| Plaintiff, | ) | Hon. Jack Zouhary |
| | ) | |
| v. | ) | |
| | ) | |
| CITY OF TOLEDO, OHIO, | ) | |
| | ) | |
| Defendant. | ) | |

**CITY OF TOLEDO'S MEMORANDUM IN SUPPORT OF STANDING-RELATED DISCOVERY PURSUANT TO COURT'S JULY 9, 2019 ORDER (DOC. #42)**

Pursuant to the Court's July 9, 2019 Order (Doc. #42) Defendant, City of Toledo, Ohio ("City") submits this Memorandum in Support of the standing-related discovery it has requested from Plaintiff, Drewes Farms Partnership ("DFP"). The City refers to the Court's May 20, 2019 Order (Doc. #29) requiring DFP to "disclose to Defendant documents… supporting Plaintiff's standing in this case;" the City's May 24, 2019 email requesting documents from the face of DFP's Complaint; and the City's June 25, 2019 correspondence to DFP's counsel regarding the 11 categories of documents DFP withheld without any explanation, attached as Exhibit A.

Late afternoon Friday, July 12, 2019, the City received an email from DFP (attached as Exhibit B) including a link to additional documents, and appearing to waive arguments related to the discoverability of the 11 categories the City requested. The City has not yet had a chance to review those documents in detail, or to determine whether the production appears to be complete and responsive to all 11 categories; nor has DFP verified that all existing documents have been produced. For those reasons, and to comply with the Court's July 9, 2019 Order, the City submits this Memorandum in support of its standing discovery requests.

All documents the City requested related to its standing defense are relevant and proportional to the needs of that defense and are based upon the face of DFP's Complaint. To establish standing, the <u>plaintiff</u> bears "the burden of establishing the 'irreducible constitutional minimum' of standing by demonstrating (1) an injury in fact, (2) fairly traceable to the challenged conduct of the defendant, and (3) likely to be redressed by a favorable judicial decision." *Spokeo Inc. v. Robin*, 136 S.Ct. 1540 (2016), as revised (May 24, 2016), at paragraph (a) of the syllabus.

DFP relies on its blanket conclusion that it has standing because "it is a partnership and that it farms in the Lake Erie watershed." (Exhibit C, DFP's June 28, 2019 correspondence). But, merely farming crops in the Lake Erie watershed (assuming DFP is even doing that), without any

concrete or particularized injury in fact, does not establish standing. Nor does DFP's apparent fear and speculation of some future risk or injury result in standing. *See Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 133 S.Ct. 1138, (2013), at paragraph (a) of the syllabus ("Threatened injury must be *certainly impending* to constitute injury in fact, and allegations of *possible* future injury are not sufficient") (emphasis added) (internal citations omitted).

The requested documents—including the 11 categories DFP withheld—go directly to whether DFP has actually sustained any injury in fact, and whether any alleged injury could be traced in any way to the City. The City seeks documents regarding whether DFP has farmed property since its formation in January 2019; whether DFP has applied manure or fertilizer, and what type and amount it has applied; what type (if any) runoff DFP has and where it is occurring; whether DFP has changed its application of manure or fertilizer in response to LEBOR; whether DFP is following best practices, as alleged; whether DFP possesses certificates which have been harmed by LEBOR; whether DFP has any documents to support its claim that the City has caused DFP "risk" as a result of LEBOR; how likely it is that DFP might be found to pollute under LEBOR; whether DFP has any documents to support its claim of risk, loss, injury, or damage related to LEBOR or the City as alleged in the Complaint; whether DFP has standing to assert or is otherwise the real party in interest for its attorneys' fees claim; and what (if any) damages or injury DFP has actually sustained as a result of the citizen's vote on the LEBOR initiative petition brought pursuant to its Charter. Of note, DFP has not challenged the constitutionality of the City's Charter regarding citizens-based initiatives.

Likewise, DFP's reference to the leases, grain contracts, and fertilizer certificates it has produced does not amount to a complete production under the May 20, 2019 Order, as those documents are vague and confusing as to what farming DFP is actually doing, and do not answer the City's questions listed in the above paragraph herein.

DFP should be required to produce the requested 11 categories of documents for the following additional reasons:

(1) After filing a Verified Complaint (Doc. #1) on February 27, 2019, which was sworn and signed by Mark Drewes, Plaintiff submitted a Declaration of Mark Drewes on May 30, 2019, recanting allegations in the Complaint and admitting that DFP does not own <u>any</u> property at all, in or out of the City;

(2) It is unclear from the documents DFP has produced whether it is actually even farming any property in or out of the Lake Erie watershed, and what fertilizing, manure use, best practices, or other actions DFP may be taking which would relate in any way to LEBOR;

(3) DFP's representatives, including Mark Drewes and Tyler Drewes, have made statements to the press and media in the past few months admitting that any difficulties with the 2019 farming season and future seasons have been caused by recent weather events (Exhibit D);

(4) DFP has produced no documents suggesting it has made any changes to its farming or activities based on LEBOR, or that it has sustained any damages resulting from LEBOR;

(5) DFP has produced documents showing it was not formed until January 2019, the timing of which strongly suggests DFP was formed specifically to challenge LEBOR; and the Ohio Farm Bureau has publicly declared it is supporting this litigation;

(6) DFP's Complaint claims that DFP is doing everything right. It alleges DFP's "fields are fertilized pursuant to Ohio law, best practices, [and] scientific recommendations" and that DFP "has been recognized as a leader in implementing new methods to both reduce the amount of fertilizer used and to reduce runoff from its fields." (Doc. #1, Complaint, ¶4); and

(7) LEBOR does not single out or distinguish farmers, partnerships, or DFP from any other entity subject to LEBOR.

DFP should not be permitted to decide whether this Court has jurisdiction, to determine what is or is not discoverable, or to withhold evidence proportional to the needs of the City's standing defense. The City will more fully develop its standing-related arguments in its Opposition to DFP's Rule 12(c) Motion. However, the City should not be required to respond to DFP's Motion until the Court determines DFP has fully complied with the May 20, 2019 Order (Doc. #29) requiring production of documents supporting standing.

Respectfully submitted,

*/s/ Sarah K. Skow*
Gerald R. Kowalski (0022323)
Sarah K. Skow (0081468)
Jennifer A. McHugh (0084842)
SPENGLER NATHANSON P.L.L.
900 Adams Street
Toledo, Ohio 43604-5505
Telephone: (419) 241-2201
Facsimile: (419) 241-8599
gkowalski@snlaw.com
sskow@snlaw.com

*Counsel for Defendant*

## CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing has been electronically filed this 15th day of July, 2019. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. Parties may access this filing through the Court's system.

*/s/ Sarah K. Skow*
Sarah K. Skow

445797

4