

Vorys, Sater, Seymour and Pease LLP
Legal Counsel

52 East Gay Street
P.O. Box 1008
Columbus, Ohio 43216-1008

614.464.6400 | www.vorys.com

Founded 1909

Thomas H. Fusonie
Direct Dial (614) 464-8261
Direct Fax (614) 719-4886
Email thfusonie@vorys.com

June 28, 2019

**VIA E-MAIL**

Gerald R. Kowalski
Sarah K. Skow
Spengler Nathanson P.L.L.
900 Adams Street
Toledo, Ohio 43604-5505

Re: *Drewes Farms Partnership, et al. v. Toledo*

Dear Counsel:

We write in response to your June 25, 2019 email.

### A. Plaintiff has complied with the Court's Order.

On May 20, 2019, Judge Zouhary ordered Plaintiff Drewes Farms Partnership to "disclose to Defendant documents on a rolling basis supporting Plaintiff's standing in this case, with the disclosures to be complete by Friday, June 7." ("Order," ECF No. 303.) Plaintiff made disclosures on May 28, 2019, May 31, 2019, and then, on June 7, 2019, pursuant to the Court's Order, counsel informed you that it was providing its "final disclosure of documents for Plaintiff Drewes Farms Partnership pursuant to the Court's May 20, 2019 order." The City has now inexplicably waited 18 days to raise its alleged issues with Plaintiff's disclosures, and then demanded a response in 3 business days.

Plaintiff has complied with the Court's Order and disclosed documents "supporting Plaintiff's standing in this case." Plaintiff's disclosed documents establishes that it is a partnership and that it farms in the Lake Erie watershed, which LEBOR seemingly purports to control (and which you have not denied). Plaintiff also produced the leases (which in turn contain fertilization requirements for various farms, *see, e.g.*, DFP000127) and grain contracts and fertilizer certificates referenced in the Verified Complaint and discussed in our call with the Court.

EXHIBIT C



**Legal Counsel**

Gerald R. Kowalski
Sarah K. Skow
June 28, 2019
Page 2

In our call with the Court, we already raised our disagreement with your suggestions as to what documents Plaintiff should disclose, and the Court ruled by requiring us to disclose only documents "supporting Plaintiff's standing in this case." Your demand that we disclose additional documents beyond the Court's order seems intended to unnecessarily drive up the cost of litigation for the Plaintiff and delay Toledo having to address the merits of LEBOR.

As a final note on standing, recent events have further confirmed Plaintiff's standing. As we're sure you are aware, Toledo citizens have now filed a lawsuit alleging that it violates LEBOR just to pursue litigation seeking to invalidate LEBOR (as Plaintiff is doing).[1]

To the extent that this case survives the motions for judgment on the pleadings, the judge holds a Case Management Conference and permits discovery, and the City propounds requests for production pursuant to Rule 34, Plaintiff will consider any such requests and make productions and objections pursuant to the Civil Rules as appropriate.

### B. The City's Request for Documents Regarding Payment of Plaintiff's Attorneys Fees, Including Engagement or Retention Agreements, is Meritless, Premature, and Intended to Harass.

We also raised with the Court our disagreement with your suggestion that we disclose documents regarding the payment of Plaintiff's attorney's fees, including engagement or retention agreements. And again, the Court resolved this disagreement by declining to order us to disclose those documents. Plaintiff has no obligation to disclose those documents, especially not at this early juncture.

To be clear, these documents that you claim relate to the request for attorney's fees under 42 U.S.C. § 1988 have nothing to do with standing, because while attorney's fees and costs may be awarded to prevailing parties they do not constitute a claim. Thus, these documents are not and cannot be responsive to the Court's Order and need not be disclosed.

Beyond the lack of relation to standing, your claimed interest in the documents to determine the "real party in interest" is generally irrelevant to the analysis of fees under 42 U.S.C. § 1988. This statute awards fees to "the prevailing party." Here, it is indisputable that Drewes Farms Partnership is the party that brought this lawsuit and, if successful, would be the prevailing party.

---

[1] This raises obvious questions about whether these citizens, and any who knew of, aided, or abetted their lawsuit prior to its filing are in contempt of court for violating the Preliminary Injunction order.

Case: 3:19-cv-00434-JZ Doc #: 43-3 Filed: 07/15/19 3 of 4. PageID #: 506



**Legal Counsel**

Gerald R. Kowalski
Sarah K. Skow
June 28, 2019
Page 3

Finally, even if there could be some argument that these documents could ever have any relevance, that relevance exists only after Plaintiff becomes a prevailing party. Your demand that Plaintiff disclose them now is premature.

The City's attempt to force Plaintiff to disclose confidential and irrelevant agreements with its counsel at this premature date seems crafted to harass and intimidate Plaintiff and to discourage others from bringing claims against the government in the future. The City's leveraging of its governmental power to attempt to chill challenging the City in court shares the same constitutional flaws and concerns as its LEBOR amendment and is unacceptable.

### C. It is the City of Toledo that has Failed to Comply with the Court's Order.

Finally, while Plaintiff has complied with the Order, the City of Toledo has violated it and continues to do so. The Judge ordered that the City of Toledo "shall respond to the questions posed by Plaintiff's April 9 letter," which include questions asking whether LEBOR complies with certain laws or regulates certain geographic areas. Contrary to the Court's Order, the City stated that it would not "answer" the questions, "because that would improperly amend or repeal LEBOR without a general vote of the people of Toledo on the same."

This response is nonsensical. Whether or not you believe that the City can take any action to amend or repeal LEBOR, that does not prohibit the City from complying with the Court's Order and answering whether LEBOR is constitutional or whether it regulates beyond the City of Toledo. It is also telling. The City's ongoing refusal to take a position the merits of this case, and its acknowledgement that taking a position on the merits would require amending or repealing LEBOR, has continued to unnecessarily drive up the cost of this litigation and cause the parties to incur additional fees. Despite the City of Toledo impliedly acknowledging that LEBOR must be amended or repealed, Plaintiff has had to continue to prosecute this action and file its Motion for Judgment on the Pleadings, without the benefit of your compliance with the Court Order. Unless the City brings itself into compliance, to the extent a conversation with the Court becomes necessary, that conversation will include the City's noncompliance with the Order and the associated harms that the City's noncompliance has caused to Plaintiff.

### Conclusion

Plaintiff has attempted to fully and promptly respond within the expedited timeframe set forth in your delayed letter. Plaintiff has met its disclosure obligations established in the Order. To the extent this case continues past the pending motions, and any of these issues arise again in discovery, the parties should revisit them as appropriate and in compliance with the Federal Rules of Civil Procedure.


**Legal Counsel**

Gerald R. Kowalski
Sarah K. Skow
June 28, 2019
Page 4

                              Very truly yours,

                              Thomas H. Fusonie

THF/gjs

cc:  Kimberly Herlihy
      Daniel Shuey