# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | |
|---|---|
| **DREWES FARMS PARTNERSHIP**, | : |
| | :    **Civil Action No. 3:19-cv-00434** |
| *Plaintiff*, | : |
| | :    **Judge Jack Zouhary** |
| v. | : |
| | :    **Magistrate Judge James R. Knepp, II** |
| **THE CITY OF TOLEDO, OHIO**, | : |
| | : |
| *Defendant*. | : |

## PLAINTIFF DREWES FARMS PARTNERSHIP'S COMBINED REPLY IN SUPPORT OF ITS MOTION FOR JUDGMENT ON THE PLEADINGS, AND OPPOSITION TO DEFENDANT'S CROSS-MOTION FOR JUDGMENT ON THE PLEADINGS

Toledo ("City") does little to defend LEBOR. Instead, it throws up procedural hurdles to avoid the merits. But City's flawed arguments cannot bock this Court's review of LEBOR—a law City admits speaks for itself. Further, despite the Case Management and Briefing orders, the City filed a cross-motion without leave. Even if considered, City's cross-motion fails for the same reasons that this Court should grant Drewes Farms Partnership's ("DFP") Motion. With briefing now closed, the Court can proceed to declare LEBOR unconstitutional and void.

A. **LEBOR is Unconstitutional and Preempted on its Face.**

1. **LEBOR is vague on its face and must be examined under strict scrutiny.**

City does not answer questions about LEBOR's application, including what it means to: (1) interfere with the right to "exist, flourish, and naturally evolve"; (2) violate a "collective and individual right to self-government"; (3) possess "the right to a clean and healthy Lake Erie and Lake Erie Ecosystem"; and/or (4) "seek to violate" LEBOR. City's silence confirms that a person of ordinary intelligence cannot know what one of any 275,000 Toledo residents might deem to violate LEBOR. Since DFP filed its motion, the Supreme Court has again detailed the myriad of constitutional problems with vagueness, explaining that "[i]n our constitutional order, a vague law is no law at all." *See United States v. Davis*, 139 S.Ct. 2319, 2323 (2019).

City does not dispute that a law imposing criminal liability, strict liability, or implicating fundamental rights is examined strictly. *See Burson v. Freeman*, 504 U.S. 191, 198-200 (1992); *U.S. v. Lawson*, 461 U.S. 352, 357 (1983); *United States v. Blaszak*, 349 F.3d 881, 887 (6th Cir. 2003); *Etzler v. City of Cincinnati*, 2009 U.S. Dist. LEXIS 916 *16-18 (S.D. Ohio 2009).

LEBOR imposes strict criminal liability. An entity violating LEBOR "shall be **guilty** of an **offense** and, upon **conviction** thereof, shall be **sentenced** to pay the maximum fine allowable under State law for that violation." LEBOR, Section 3(a). City or residents may "**prosecute[]**" the action and entities that violate LEBOR "**shall be strictly liable**." *Id.* at 3(c)-(d).

That LEBOR also contemplates civil damages does not change the fact that it imposes strict criminal liability.  And City's argument that LEBOR cannot be a criminal statute without further action by City under O.R.C. § 715.67 ignores the plain language that already makes each violation of LEBOR a crime and provides that further implementing legislation "shall not be required . . . to enforce all provisions of this law." *Id.* at 1(d).  Finally, City's suggestions that the language in Section 3(c) does not impose strict liability but instead should, for some unexplained reason, be linked to Section 2(b)'s invalidation of permits has no textual support and only highlights LEBOR's vagueness.

And, as set forth in the MJOP and below, LEBOR's vagueness infringes on the First Amendment.  (MJOP 7-12.)  LEBOR must be strictly examined and declared void for vagueness.

    **2.**    **LEBOR violates the First Amendment.**

In the MJOP, DFP identified specific LEBOR provisions and explained why they violate the First Amendment.  (MJOP 7-12).  City does not address those points and instead baldly states that no part of LEBOR purports to nullify any aspect of the U.S. Constitution or to strip DFP of any right.  City also claims that LEBOR must not chill speech because DFP filed a lawsuit.  This ignores the numerous existing and ongoing First Amendment violations set forth in the MJOP, including its vagueness, blanket restrictions, viewpoint restrictions, and overbreadth.  (MJOP 7-12.)  And, just because an entity is willing to risk sanctions to exercise its First Amendment rights does not affect its ability to challenge that law.  *See Swepi, Ltd. P'ship v. Mora Cty.*, 81 F. Supp. 3d 1075, 1155 (D.N.M. 2015).

    **3.**    **City's solution to LEBOR's unconstitutionality is absurd.**

City recognizes LEBOR's vagueness but claims that a federal court cannot invalidate it because it was passed via citizen initiative.  It claims that "[i]f DFP finds provisions of LEBOR vague" it should start its own citizens' initiative to amend LEBOR.  City's position relegates the

protection of constitutional rights to the whims of the majority.  Federal courts have been clear: "One's right to life, liberty, and property . . . and other fundamental rights may not be submitted to vote; they depend on the outcome of no elections."  *W. Va. State Bd. of Educ. v. Barnette*, 319 U.S. 624, 638 (1943).  The very purpose of § 1983 was "to 'throw open the doors of the United States courts to individuals **who were threatened with, or who had suffered the deprivation of constitutional rights.**"  *Patsy v. Bd. of Regents*, 457 U.S. 496, 500-01 (1982) (quoting Cong. Globe, 42d Cong., 1st Sess., 376 (1871)) (emphasis added).  In other words, Congress chose to "interpose the federal courts" as the "guardians of the people's federal rights." *Id.*

Beyond attempting to turn federalism and the redress of constitutional harms on its head, City also reasons that a petition would allow DFP to exercise its First Amendment rights.  This ignores, of course, the facts that any of Toledo's 275,000 residents could determine that such an action would itself violate LEBOR's vague provisions and that DFP would have to continue to suffer the other ongoing constitutional deprivations and injuries during that process.

### 4. **LEBOR violates the Equal Protection Clause under any standard.**

City improperly argues for a rational basis equal protection review then fails to engage in a proper analysis.  City claims that the Court cannot apply strict scrutiny on the basis that DFP's complaint uses rational basis terms.  This Court determines what legal standard to apply to a claim, not the language of a complaint.  *See Johnson v. City of Cincinnati*, 119 F. Supp. 2d 735, 739 (S.D. Ohio 2000).  Strict scrutiny applies because LEBOR's disparate treatment impacts First Amendment rights.  *San Ant. Indep. Sch. Dist. v. Rodriguez*, 411 U.S. 1, 17 (1973).

LEBOR fails under any standard.  LEBOR does not purport to be a simple pollution regulation.  It purports to establish "inherent, fundamental and unalienable" rights, LEBOR Section 1(d), but then **immediately alienates** those rights by identifying one group that can violate them (individuals) and another group that cannot (business entities/governments).  Based

3

on this irrational distinction, LEBOR then violates the fundamental rights of one group but not the other. City argues that LEBOR "does not single out or distinguish partnerships, farmers or DFP from any other corporation or Government subject to LEBOR." (Opp. at 14.) But it is not the disparate treatment between entities that forms the basis for the equal protection claim; rather, it is the disparate treatment between entities and individuals. City does not provide a rational basis for this distinction, let alone a justification surviving strict scrutiny.

**5. LEBOR violates the Due Process clause.**

City argues that DFP failed to plead a due process claim because DFP does not own the land it farms and, thus, lacks a property right. (Opp. 15–16.) DFP has property rights pursuant to its leases, and those rights are abridged by LEBOR. *See Carroll Weir Funeral Home v. Miller*, 2 Ohio St.2d 189, 191 (1965) (recognizing property interest in leases). Also, LEBOR's burdening of DFP's fundamental rights create a Due Process violation. (MJOP at 14 (citing *Perry v. McGinnis*, 209 F.3d 597, 609 (6th Cir. 2000) (holding that the right to freedom of expression is a fundamental right in the substantive due process analysis)).

**6. LEBOR is preempted by state and federal law.**

Regarding federal preemption, City neither addresses nor disputes that LEBOR impacts foreign trade and impairs international obligations. Regarding DFP's state law claims for which it moved for judgment, **City never raises a merits or standing defense to three ways LEBOR violates state law**: (1) it unlawfully creates a new cause of action (MJOP 16); (2) it improperly creates statutory standing (MJOP 17); and (3) it strips business entities of their corporate and/or partnership rights provided by state law (MJOP 17-18). Once this Court finds DFP has standing for any federal claim, it should invalidate LEBOR on any of these state law grounds.

**B.  City Is Liable Under § 1983 for Constitutional Violations in its Charter.**

LEBOR is part of City's charter and City has defended it, including denying that LEBOR

4

violates the United States Constitution.  (Doc. 12, ¶¶ 61-62, 85-87).  Yet, City does not believe it should be responsible and that the *Monell* test has not been met.  *See Monell v. Dept. of Social Services*, 436 U.S. 658 (1978).  (Opp. at 12, 15, 17.).

When a city's laws are facially challenged, the city is the proper defendant and *Monell* is satisfied.  *See Muffett v. City of Yakima*, 2012 U.S. Dist. LEXIS 99182 *9-10 (E.D. Wash. 2010) (*Monell* standard "necessarily" met in facial challenge to city law); *Berkley v. Common Council of City of Charleston*, 63 F.3d 295, 299 (4th Cir. 1995) (en banc) (enactment of legislation is "prototypical conduct that can give rise to liability under *Monell*.").  "[T]he fact that the [law] was enacted pursuant to a referendum does not insulate it from this Court's review."  *Huertas v. City of Camden*, 2006 U.S. Dist. LEXIS 73157 * 17-20 (D.N.J., 2006).  Further, the initiative is "fairly attributable" to City because City delegated its power to the citizenry.  *See* Toledo, Ohio, City Charter, Ch. VI, § 84. City is responsible for its unconstitutional law.

**C.      DFP has Article III Standing to Bring any and all of its Claims.**

LEBOR is a vague self-executing law that imposes strict criminal liability and it has affected, is affecting, and will affect DFP's fundamental rights, economic interests, and property interests.  The key verified facts below establish DFP's standing as each of its claims:

- DFP is a partnership organized pursuant to Ohio law (Ver. Compl., Doc. 1, ¶ 10);[1]
- DFP farms land wholly within the Lake Erie Watershed (*Id.* ¶ 18);
- LEBOR's scope appears to cover the entire Lake Erie Watershed (*Id.* ¶¶ 94–95)
- DFP leases require DFP to maintain fertilization levels (*Id.* ¶ 19);
- DFP has contracts to sell crops in the future in a sum certain amount, which were based on its ability to farm, including fertilizing the land it farms (*Id.* ¶ 22);

---

[1] City does not dispute that DFP is a partnership.  It does make statements that DFP is "an 8-month old partnership."  This irrelevant and inaccurate statement seems to be based on misreading the most recent version of the partnership agreement that DFP disclosed to demonstrate it was a partnership at the time of the complaint.

5

- DFP applies fertilizer to land that it farms in the Lake Erie Watershed (*Id.* ¶ 24);

- DFP's application of fertilizer, despite best practices, leads to runoff (*Id.* ¶ 51);

- DFP would be injured and forced to violate its leases and contracts if unable to farm or fertilize to avoid liability under LEBOR (*Id.* ¶¶ 51–58); and

- DFP has sued seeking to invalidate the law. (Doc. 1.)

City contends, without explanation, that it is significant that DFP does not allege that it owns property, resides in Toledo, or farms "contiguous to Lake Erie." (Opp. 8.) City makes these arguments while refusing to answer, as it has throughout this proceeding, even the simple question of whether LEBOR applies outside the City of Toledo. City also creates a **de minimis** exception to LEBOR and distinctions between different types of runoff or pollution. (*Id.* 9.) But none of this appears in LEBOR's text. These irrelevant allegations do not affect DFP's standing.

1. **City misstates the standard for "injury in fact."**

City wrongly argues that to establish standing DFP must show that a threatened injury is "certainly impending" under *Clapper v. Amnesty Int'l USA*, 568 U.S. 398 (2013). (Opp. at 8.) Instead, "[a]n allegation of future injury may suffice if the threatened injury is 'certainly impending,' **or there is a 'substantial risk'** that the harm will occur." *Susan B. Anthony List v. Driehaus*, 573 U.S. 149, 158 (2014) (emphasis added) (quoting *Clapper*, 568 U.S. at 414 n. 5). Such a "substantial risk" exists where, like here, a plaintiff alleges "an intention to engage in a course of conduct arguably affected with a constitutional interest, but proscribed by a statute, and there exists a credible threat of prosecution thereunder." *Id.* at 159 (quoting *Babbitt v. Farm Workers*, 442 U.S. 289, 298 (1979)). Moreover, for many of DFP's claims, LEBOR's self-effectuated stripping of rights, invalidation of state and federal laws, and chilling of speech not only have a substantial risk of occurring, but have already occurred.

2. **DFP has standing to bring its First Amendment claims.**

6

DFP *currently* suffers a First Amendment injury because LEBOR actively bans certain speech. This litigation itself apparently violates LEBOR Section 4(a), which eliminates the "power to assert state or federal preemptive laws in an attempt to overturn this law." (*See* MJOP 7, 9-10); (*see* Doc. 44-2) (citizen suit alleging that challenging LEBOR violates LEBOR.) City suggests that DFP's speech is not chilled because DFP "is currently having its day in Court." (Opp. at 13.) But, DFP does not lose its right to challenge LEBOR simply because it is willing to risk sanctions to exercise its First Amendment rights. *See Swepi*, 81 F. Supp. 3d at 1155.

Along with prohibiting certain speech, LEBOR also facially strips DFP of its First Amendment rights–itself an independent injury in fact. (*See* Section 4(a).) *Id.* ("because the Ordinance states that [filing of the lawsuit] strips [plaintiff] of its First Amendment rights… [plaintiff] has suffered an injury in fact."); *see also* MJOP 9-12.)

DFP also alleges overbreadth, and in such a challenge the "law need not have been applied against the challenger at all; as long as the barebones requirements of Article III standing are met, the elements of prudential standing are presumed satisfied in an overbreadth challenge." *Swepi,* 81 F. Supp. 3d at 1139; *see also Sec'y of State of Md. v. Joseph H Munson Co.*, 467 U.S. 947, 956-959 (1984). "Facial challenges to overly broad statutes are allowed not primarily for the benefit of the litigant, but for the benefit of society – to prevent the statute from chilling the First Amendment rights of other parties not before the court." *Munson Co.*, 467 U.S. at 956-57.

### 3. DFP has standing to bring its Equal Protection claim.

DFP's Equal Protection claim is based upon LEBOR's facial discrimination against business entities. (*See* MJOP at 12-13.) Because DFP is a business entity, there is an injury in fact. *See Swepi,* 81 F. Supp. 3d at 1155. Further, DFP suffers an independent injury-in-fact in that it has an economic interest in farming, which LEBOR's vague provisions may prohibit, and the disparate treatment affects DFP's property interests in its leases. Probable economic injury is

7

enough to establish standing. *See Clinton v. City of N.Y.*, 524 U.S. 417, 432-33 (1998).

    **4.    DFP has standing to bring its void for vagueness claim.**

DFP has standing for a pre-enforcement challenge to this unconstitutionally-vague strict-liability criminal law. There is a sufficiently imminent injury in fact if "there exists a credible threat of prosecution." *Babbitt*, 442 U.S. at 298 (1979); *see White Oak Property Dev., LLC v. Washington Twp.*, 2009 U.S. Dist. LEXIS 29347, at *12 (S.D. Ohio Apr. 7, 2009) (facially examining law for vagueness because it includes criminal penalties). "[I]t is not necessary that [a plaintiff] first expose himself to actual arrest or prosecution to be entitled to challenge" a vague law. *Steffel v. Thompson*, 415 U.S. 452, 459 (1974). A credible threat of future prosecution exists here because LEBOR deputizes 275,000 Toledoans as prosecutors and affords them wide latitude to enforce vague rights.

DFP may also lodge a pre-enforcement challenge because LEBOR criminalizes exercise of DFP's First Amendment rights. (*See* MJOP 4-8.) Injury-in-fact is particularly relaxed in pre-enforcement facial challenges to laws violating the First Amendment. *Munson Co.*, 467 U.S. 947 at 956. As *Swepi* held, such a situation creates an "objectively justified fear of real consequences" that would chill the exercise of First Amendment rights and create a cognizable injury. *Swepi*, 81 F. Supp. 3d at 1155 (internal quote omitted). DFP has standing for the same reasons as the plaintiff in *Swepi*: it is "currently seeking to engage in activities that violate" LEBOR, LEBOR "states that this conduct strips it of its First Amendment rights," and LEBOR "creates a chilling effect on the exercise of First Amendment rights." *Id.*

    **5.    DFP has standing to bring its substantive due process claim.**

Because DFP grounds its Due Process claims in its fundamental right to freedom of expression, it has standing for its Due Process claims. Further, LEBOR negatively impacts DFP's property rights in its farm leases. The City has conceded a property interest creates

8

standing for a Due Process claim; it just did not realize that Ohio property rights include leases.

### 6. DFP has standing to bring its federal preemption claim.

DFP's federal preemption claim is based on LEBOR's interference with the federal government's superintendence of foreign affairs. No state or locality may intrude into the "field of foreign affairs which the Constitution entrusts to the President and the Congress." *Zschernig v. Miller*, 389 U.S. 429, 432 (1968). DFP operates under and is a beneficiary of the international framework of laws governing Lake Erie. (*See* Doc. 34, 10–12.) LEBOR injures DFP's status as beneficiary of the framework and DFP has standing to challenge it.

### 7. DFP has standing to bring its state preemption claim.

DFP has standing to bring a state law preemption claim because LEBOR injures DFP's economic interests and lease property interests. *Clinton,* 524 U.S. at 433 (probable economic injury enough to constitute injury-in-fact). LEBOR is preempted by state law and would injure DFP's farming business, leases, and contracts through its expansive reach and harsh penalties. These facts provide the Court with the 'irreducible minimum needed' to adjudicate the matter." *Blue Sky Entm't, Inc. v. Gardiner*, 711 F. Supp. 678, 686 (N.D.N.Y. 1989). And, as set forth above, City does not address standing or merits on LEBOR's violation of state law. (*Supra*, 4.)

### 8. Causality and redressability are established.

City argues that weather causes DFP's injuries. (Opp. 10.) But DFP's injuries are the abrogation of its constitutional rights. As in *Swepi*, the unconstitutional law is the "challenged conduct" causally related to those injuries. *Swepi,* 81 F. Supp. 3d at 1157. Moreover, the fact that weather may have had a negative economic impact on DFP in one growing season does not negate the independent negative impact that LEBOR will have on DFP's economic interests and property rights every year. Invalidating LEBOR will redress DFP's constitutional injuries.

**D.** **DFP's Claims are Ripe for Adjudication.**

DFP has suffered, continues to suffer, and will suffer injury. City argues DFP's claims are not ripe because City has yet to enforce LEBOR. That is not the law and ignores the self-executing constitutional deprivations in effect. *See J.L. Spoons, Inc. v. Brown*, 40 F. Supp. 2d 902, 905-906 (N.D. Ohio 1999) (rejecting Department of Public Safety's argument that because it had yet to enforce a disputed provision, the constitutionality of the provision was premature). The recent budget bill, not yet interpreted by any court, does not change the analysis. (Opp. 11 n.3.) LEBOR is still on City's books and any of City's 275,000 citizens may still rely upon it to bring an action against DFP on behalf of Lake Erie. Moreover, those budget bill provisions do not affect the ability of City or Toledoans to enforce LEBOR on their own behalf.

**E.** **DFP is Entitled to Injunctive and Declaratory Relief.**

City argues that DFP has not stated a claim for declaratory relief because of unripeness and lack of an alternative remedy. As set forth above, DFP's claims are ripe. And City cites no case holding that a citizen's initiative—aka leaving DFP's constitutional rights to the tyranny of the majority while suffering ongoing deprivations—is a "better or more effective" alternative remedy than a court order. Injunctive relief may not be necessary if this Court declares LEBOR unconstitutional and void, but DFP has demonstrated a right to injunctive relief as well. (*See* Doc. 6-1 (explaining entitlement to injunctive relief).)

Finally, City does not respond to DFP's analysis that LEBOR must be invalidated *in toto*, because striking down any of LEBOR's sections would "gut LEBOR's enforcement mechanism and purpose." (MJOP 18-19.)

The Court should grant DFP's Motion and grant the relief requested (MJOP, 20).

VORYS, SATER, SEYMOUR AND PEASE LLP

s/ *Thomas H. Fusonie*

10

                                      Thomas H. Fusonie (0074201), *Trial Attorney*
                                      Kimberly Weber Herlihy (0068668)
                                      Daniel E. Shuey (0085398)
                                      Christopher L. Ingram (0086325)
                                      52 East Gay Street, P.O. Box 1008
                                      Columbus, Ohio 43216-1008
                                      Phone: (614) 464-8261; Fax: (614) 719-4886
                                      thfusonie@vorys.com
                                      kwherlihy@vorys.com
                                      deshuey@vorys.com
                                      clingram@vorys.com

                                      *Counsel for Plaintiff Drewes Farms Partnership*

## **CERTIFICATE OF MEMORANDUM LENGTH**

This brief adheres to the page limitations set forth in the Court's May 20, 2019 Order (Doc #29). The present action has yet to be assigned a track.

                                      s/*Thomas H. Fusonie*
                                      Thomas H. Fusonie (0074201)
                                      52 East Gay Street
                                      P.O. Box 1008
                                      Columbus, Ohio 43216-1008
                                      Phone: (614) 464-8261
                                      Fax: (614) 719-4886
                                      thfusonie@vorys.com

## **CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing was served electronically through this Court's electronic service system upon all parties and/or counsel of record on this 19th day of August, 2019.  Notice of this filing is sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt.  Parties may access this filing through the Court's system.

s/ *Thomas H. Fusonie*
Thomas H. Fusonie (0074201)
52 East Gay Street
P.O. Box 1008
Columbus, Ohio 43216-1008
Phone: (614) 464-8261
Fax: (614) 719-4886
thfusonie@vorys.com
