# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO
## WESTERN DIVISION

| | | |
|---|---|---|
| **DREWES FARMS PARTNERSHIP**, | : | |
| | : | **Civil Action No. 3:19-cv-00434** |
| *Plaintiff*, | : | |
| | : | **Judge Jack Zouhary** |
| v. | : | |
| | : | **Magistrate Judge James R. Knepp, II** |
| **THE CITY OF TOLEDO, OHIO**, | : | |
| | : | |
| *Defendant*. | : | |

---

**PLAINTIFF DREWES FARMS PARTNERSHIP'S REPLY TO AMICUS BRIEF
CURIAE BRIEF re MOTIONS FOR JUDGMENT ON THE PLEADINGS [Doc. 51]**

---

Tolodeans for Safe Water's ("TSW" or "Amicus") amicus brief is meritless. Both the Community Environmental Legal Defense Fund (CELDF), which "assisted in drafting [TSW's] amicus brief" (*Media Statement: Lake Erie Bill of Rights Court Case Heats Up as Algae Bloom Grows*, https://celdf.org/2019/08/media-statement-lake-erie-bill-of-rights-court-case-heats-up-as-algae-bloom-grows/ (last visited Aug. 19, 2019)), and Amicus counsel have unsuccessfully tried before to make these same lengthy (and inaccurate) historical recitations and unfounded arguments that run contrary to well-settled legal principles and precedent.  Courts have rejected these positions and, in one instance, issued sanctions based on their lack of merit.

A Pennsylvania federal court evaluated and rejected a similar manifesto from the CELDF:

> In support of its alleged right to local community self government, Defendant undertakes a lengthy examination of historical documents such as the Mayflower Compact, the Exeter Compact of 1639, the Articles of Confederation for the United Colonies of 1643, and the Declaration of Independence, and analyzes historical events leading up to the American Revolution, such as the Second Continental Congress, the British Parliament's enactment of the Currency Acts in 1764, the Stamp Act Riots in 1765, and the Boston Tea Party. . . . [Defendant's] view is contrary to over one hundred years of Supreme Court precedent. . . **Without a legal basis for its actions, as opposed to historical documents and events, this Court cannot provide the relief Grant Township seeks.**

*Pennsylvania Gen. Energy Co., LLC v. Grant Twp.*, 139 F. Supp. 3d 706, 714 (W.D. Pa. 2015) (emphasis added).  That court later determined that these arguments were made in bad faith and deserved sanctions:

> This Court has determined that Attorneys Linzey and Dunne have pursued certain claims and defenses in bad faith. Based upon prior CELDF litigation, each was on notice of the legal implausibility of arguments previously advanced as to: (1) the purported invalidity of corporate rights; (2) the identification of a regulated corporation as a 'state actor'; (3) community self-governance as a justification for striking or limiting long-standing constitutional rights, federal and state laws, and regulations; and, (4) the purported invalidity of 'Dillon's Rule' to the extent it applies to limit a municipality's ability to enact ordinances in conflict with state and federal law. Despite their own prior litigation, CELDF and Attorney Linzey,

in particular, continue to advance discredited arguments as a basis for CELDF's ill-conceived and sponsored CBR, and in so doing have vexatiously multiplied the litigation of this matter.

*Pennsylvania Gen. Energy Co., LLC v. Grant Twp.*, 2018 U.S. Dist. LEXIS 2069, at *32 (W.D. Pa. Jan. 5, 2018).

One counsel for Amicus has made similar arguments to an Ohio court, and those arguments were similarly rejected:

> While MADION concedes that there is no case law to support its position, it maintains that the people's right to local community self-government is deeply rooted in our nation's history and tradition. In fact, MADION spends the majority of its brief undertaking a lengthy examination of American history, arguing that the people's right to local self-government has derived from historical documents such as the Mayflower Compact, the Exeter Compact of 1639, the Articles of Confederation for the United Colonies of 1643, and the Declaration of Independence. MADION also cites historical events leading up to the American Revolution, such as the Second Continental Congress, the British Parliament's enactment of the Currency Acts in 1764, the Stamp Act Riots in 1765, and the Boston Tea Party.
>
> After careful review of MADION's arguments in their entirety, **we find no merit** to its position that the right to local community self-government entitles the people of Broadview Heights to enact laws that may not be preempted by state law. In addition to MADION's inability to present any legal authority to support its arguments, MADION's historical discourse ignores express provisions of the Ohio Constitution, including Article II, Section 1, which states, '[t]he legislative power of the state shall be vested in a General Assembly * * *.' In delegating legislative authority to the General Assembly, the people of Ohio reserved for themselves only the limited municipal powers of initiative and referendum. There is nothing in the Ohio Constitution to suggest that the 'people' of a municipal corporation possess the authority, independent and apart from the municipal corporation itself, to enact local ordinances that conflict with state law. Thus, the 'people's' ability to enact local law is limited to those rights afforded to the municipality and is subject to the restrictions of the home rule amendment under Article XVIII, Section 3 of the Ohio Constitution.

*Mothers Against Drilling in our Neighborhood v. State*, 2016-Ohio-817, ¶¶ 25-26 (8th Dist.) (emphasis added).

TSW repeats these rejected arguments in this case.  Its brief also cites the Mayflower Compact, Exeter Compact, Articles of Confederation, Declaration of Independence, and

describes historical events related to the American Revolution, the British Parliament's enactment of the Currency Acts in 1764, the Stamp Act Riots in 1765 in a misguided attempt to create an unassailable right for local communities to violate federal and state constitutions and laws.  (Doc. 49-2, pp. 12–18.)  These historical documents cannot overcome the Supremacy Clause in the Federal Constitution or the limited powers given to municipalities under the Ohio Constitution. *See*, *e.g.*, U.S. Const. Art. VI, cl. 2; *Burbank v. Lockheed Air Terminal, Inc.*, 411 U.S. 624, 640, 93 S.Ct. 1854, 36 L.Ed.2d 547 (1973); Ohio Constitution, Article XVIII, Section 3; *State ex rel. Morrison v. Beck Energy Corp.*, 143 Ohio St.3d 271, 2015-Ohio-485, 37 N.E.3d 128, ¶ 15.

Thus, just like the Pennsylvania court found, Amicus and its counsel should know better than to rehash these facially meritless arguments and waste the time and resources of the Court and plaintiff.  This Court already rejected other meritless arguments raised by TSW and denied TSW's motion to intervene because "[t]ime would be better spent in this lawsuit on arguments more likely to be dispositive" and TSW's arguments would only "unduly delay this lawsuit." (Doc. 23, p. 4.) TSW's brief should not alter this Court's decision to grant DFP's Motion for Judgment on the Pleadings and declare LEBOR to be void and unenforceable in its entirety.

VORYS, SATER, SEYMOUR AND PEASE LLP

s/ *Thomas H. Fusonie*
Thomas H. Fusonie (0074201), *Trial Attorney*
Kimberly Weber Herlihy (0068668)
Daniel E. Shuey (0085398)
Christopher L. Ingram (0086325)
52 East Gay Street, P.O. Box 1008
Columbus, Ohio 43216-1008
Phone: (614) 464-8261; Fax: (614) 719-4886
thfusonie@vorys.com
kwherlihy@vorys.com
deshuey@vorys.com
clingram@vorys.com

*Counsel for Plaintiff Drewes Farms Partnership*

## CERTIFICATE OF MEMORANDUM LENGTH

This brief adheres to the page limitations set forth in the Court's May 20, 2019 Order

(Doc #29).  The present action has yet to be assigned a track.

s/*Thomas H. Fusonie*
Thomas H. Fusonie (0074201)
52 East Gay Street
P.O. Box 1008
Columbus, Ohio 43216-1008
Phone: (614) 464-8261
Fax: (614) 719-4886
thfusonie@vorys.com

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing was served electronically through this Court's electronic service system upon all parties and/or counsel of record on this 19th day of August, 2019.  Notice of this filing is sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt.  Parties may access this filing through the Court's system.

<div style="margin-left: 45%;">

s/ *Thomas H. Fusonie*
Thomas H. Fusonie (0074201)
52 East Gay Street
P.O. Box 1008
Columbus, Ohio 43216-1008
Phone: (614) 464-8261
Fax: (614) 719-4886
thfusonie@vorys.com

</div>