**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | | |
|---|---|---|
| DREWES FARMS PARTNERSHIP, | ) | Case No. 3:19-cv-00434-JZ |
| | ) | |
| Plaintiff, | ) | Hon. Jack Zouhary |
| | ) | |
| v. | ) | |
| | ) | |
| CITY OF TOLEDO, OHIO, | ) | |
| | ) | |
| Defendant. | ) | |

## CITY OF TOLEDO'S SUPPLEMENTAL AUTHORITY

Pursuant to the Court's January 21, 2020 Agenda for the January 28, 2020 hearing, the City of Toledo respectfully submits the following supplemental authority:

***Dillard v. Chilton Cty. Comm'n***, 495 F.3d 1324, 1331, 1335-36 (11th Cir. 2007) (Federal courts, bound by Article III, are "not empowered to seek out and strike down any governmental act that they deem to be repugnant to the Constitution." Citing *Hein v. Freedom From Religion Found., Inc.,* 551 U.S. 587, 127 S.Ct. 2553, 2562, 168 L.Ed.2d 424 (2007). And "a plaintiff raising only a generally available grievance about government—claiming only harm to his and every citizen's interest in proper application of the Constitution and laws, and seeking relief that no more directly and tangibly benefits him than it does the public at large—does not state an Article III case or controversy." citing *Hein*, 127 S.Ct. at 2563–64. Moreover, an intervenor's mere

generalized grievances do "not assert a concrete and personalized injury, and accordingly they lack personal standing to bring them for judicial resolution." "The decision to seek review is not to be placed in the hands of concerned bystanders, persons who would seize it as a vehicle for the vindication of value interests." (internal citations omitted)).

*Dillard v. Chilton Cty. Comm'n*, 495 F.3d at 1336-37 ("[A]n intervenor's right to continue a suit in the absence of the party on whose side intervention was permitted is contingent upon a showing by the intervenor that he fulfills the requirements of Art. III." (Internal citations omitted). "Generally, an intervenor must have independent standing if the intervenor would be the only party litigating a case." Citing *United States v. One–Sixth Share of James J. Bulger In All Present And Future Proceeds Of Mass Millions Lottery Ticket No. M246233,* 326 F.3d 36, 40 (1st Cir.2003)).

*Associated Builders & Contractors v. Perry*, 16 F.3d 688, 691 (6th Cir. 1994) (Recognizing "self-imposed prudential limits that the judiciary has placed on the exercise of its jurisdiction." Further stating that "[t]hese limits include a general prohibition on litigating another person's legal rights, the rule barring adjudication of generalized grievances more appropriately addressed in the representative branches, and the requirement that a plaintiff's complaint fall within the zone of interest protected by the law invoked.")

*Gladstone Realtors v. Vill. of Bellwood*, 441 U.S. 91, 99–100, 99 S. Ct. 1601, 1608, 60 L. Ed. 2d 66 (1979) (Even when a case seemingly falls within Article III, "a plaintiff may still lack standing under the prudential principles by which the judiciary seeks to avoid deciding questions of broad social import where no individual rights

would be vindicated and to limit access to the federal courts to those litigants best suited to assert a particular claim." "For example, a litigant normally must assert an injury that is peculiar to himself or to a distinct group of which he is a part, rather than one 'shared in substantially equal measure by all or a large class of citizens.'" Citing *Warth v. Seldin*, 422 U.S., at 499, 95 S.Ct., at 2205. "He also must assert his own legal interests rather than those of third parties." *Ibid*.).

**Fieger v. Michigan Supreme Court**, 553 F.3d 955, 960–61 (6th Cir. 2009), cert denied at 558 U.S. 1110, 130 S.Ct. 1048 (2010) (Recognizing that "a claimant who makes a facial attack on a law is requesting "strong medicine." Citing *Broadrick v. Oklahoma,* 413 U.S. 601, 613, 93 S.Ct. 2908, 37 L.Ed.2d 830 (1973). "'[F]ederal courts do not lightly uphold facial challenges' because such efforts do not seek to invalidate laws in concrete, factual settings but to 'leave nothing standing.'" (Internal citation omitted). "Further, '[c]laims of facial invalidity often rest on speculation [,] ... raise the risk of premature interpretation[,] ... run contrary to the fundamental principle of judicial restraint[,] ... [and] threaten to short-circuit the democratic process.'" Citing *Wash. State Grange v. Wash. State Republican Party,* 552 U.S. 442, 128 S.Ct. 1184, 1191, 170 L.Ed.2d 151 (2008). "For these reasons, facial invalidation of a statute is a remedy that courts employ 'sparingly and only as a last resort.'" Citing *Broadrick,* 413 U.S. at 613, 93 S.Ct. 2908.)).

**Fieger v. Michigan Supreme Court**, 553 F.3d at 961 (To succeed on an overbreadth challenge, "plaintiffs bear a heavy burden. They must demonstrate that "the statute's overreach is *substantial,* not only as an absolute matter, but judged in relation to the statute's plainly legitimate sweep...." citing *Bd. of Trs. v. Fox,* 492 U.S.

469, 484–85, 109 S.Ct. 3028, 106 L.Ed.2d 388 (1989) (emphasis in original) (internal quotations and citation omitted)).

*Croplife Am., Inc. v. City of Madison*, 373 F. Supp. 2d 905, 916-18, 911-12, (W.D. Wis.), *amended,* No. 04C0949C, 2005 WL 1467501 (W.D. Wis. June 20, 2005), and *aff'd,* 432 F.3d 732 (7th Cir. 2005) (Local ordinance prohibiting sale of certain fertilizers containing phosphorous was not unconstitutionally vague under due process considerations where the ordinance "describes its purpose as being the protection of the area's waters 'without detracting from the natural beauty of homeowners' lawns and gardens,' but prohibits the application of fertilizers to lawns while allowing it on gardens and makes it illegal to apply or deposit *any* fertilizer on an impervious surface," and finding that the ordinance's language "conditions exist which promote or create runoff" was not unconstitutionally vague because "[m]ost people of common intelligence can tell when runoff conditions are present." Under an equal protection rational basis test, "persons challenging legislation cannot prevail so long as 'it is evident from all the considerations presented to [the legislature], and those of which we may take judicial notice that the question is at least debatable.'" The court found that the intent to protect and have clean water passed rational basis scrutiny. The court further found that the plaintiffs' preemption arguments failed because they "identified no action by the legislature to take away the authority of local units of government to regulate fertilizer use or shown any logical conflict between the local ordinances and any state legislation.").

The City reserves the right to reference cases cited in any party's briefing or supplemental notice of authority pertaining to the January 28, 2020 hearing or the pending motions for judgment on the pleadings.

Respectfully submitted,

*/s/ Sarah K. Skow*
Gerald R. Kowalski (0022323)
Sarah K. Skow (0081468)
Jennifer A. McHugh (0084842)
SPENGLER NATHANSON P.L.L.
900 Adams Street
Toledo, Ohio  43604-5505
Telephone:  (419) 241-2201
Facsimile:  (419) 241-8599
gkowalski@snlaw.com
sskow@snlaw.com
jmchugh@snlaw.com

*Counsel for Defendant*

## CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing has been electronically filed this 26th day of January, 2020. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. Parties may access this filing through the Court's system.

*/s/ Sarah K. Skow*
Sarah K. Skow

5