# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | |
|---|---|
| DREWES FARMS PARTNERSHIP, | ) Case No. 3:19-cv-00434-JZ |
| Plaintiff, | ) Hon. Jack Zouhary |
| v. | ) |
| CITY OF TOLEDO, OHIO, | ) |
| Defendant. | ) |

**DEFENDANT CITY OF TOLEDO'S POSITION STATEMENT SUPPORTING ITS REQUEST FOR LIMITED DOCUMENTS NEEDED TO EVALUATE PLAINTIFF DREWES FARMS PARTNERSHIP'S MOTION FOR ATTORNEYS' FEES AND COSTS (DOC. #65)**

Gerald R. Kowalski (0022323)
Stephen D. Hartman (0074794)
Sarah K. Skow (0081468)
Jennifer A. McHugh (0084842)
SPENGLER NATHANSON P.L.L.
900 Adams Street
Toledo, Ohio 43604-5505
Telephone: (419) 241-2201
Facsimile: (419) 241-8599
gkowalski@snlaw.com
shartman@snlaw.com
sskow@snlaw.com
jmchugh@snlaw.com

*Counsel for Defendant, City of Toledo, Ohio*

Defendant, City of Toledo, Ohio ("the City"), hereby submits its Position Statement supporting its request for Plaintiff, Drewes Farms Partnership ("DFP"), to produce the following 3 limited categories of documents to the City:

(1)  Engagement or retention letters or agreements;

(2)  Contemporaneous Time Records;

(3)  Invoices, including documents related to billing and the payment of fees and costs by DFP or third parties.

The City previously requested these types of documents from DFP nearly a year ago, during the same time that the City sought limited standing discovery, because the City asserted that it needed the documents related to the engagement and fee arrangement to determine whether DFP was the real party in interest related to any potential attorneys' fees award under Section 1988. At that time, DFP resisted the City's request for the engagement, retention, and attorneys' fees related documents, and the Court indicated that the Court and parties would revisit discovery related to attorneys' fees if such a motion were later filed. (*See* Doc. #42, July 9, 2019 Order).

Now that DFP has filed its Motion for Attorneys' Fees and Costs (Doc. #65) ("Motion"), the City's request for these basic documents is ripe and necessary. The City makes this request in the spirit of the Court's March 13, 2020 Order (Doc. #66) suggesting that the parties attempt to address DFP's Motion without further briefing and expense.

The City needs the 3 limited categories of documents – which were not provided with DFP's Motion - to evaluate DFP's Motion, assess the City's defenses, and consider the reasonableness of DFP's request for $293,752.00[1] in attorneys' fees and $532.50 in

---

[1] By way of reference, DFP seeks a fee award more than 4 times the amount of the City's own attorney fees incurred in this case through February 2020 – when the City was

2

costs, in a case which lasted one year, involved very limited discovery on matters related to standing, and was decided on motions for judgment on the pleadings.

On March 31, 2020, the Court entered an Order (Doc. #71) requiring DFP to produce the above-requested documents to the Court for *in camera* review by April 15, 2020. The City asks the Court to consider this Position Statement in the course of its review, and to enter an Order directing DFP to produce the requested documents to the City. Alternatively, the City asks the Court to directly provide the requested documents to the City following the Court's *in camera* review. From the beginning, the City has been willing to enter into a protective order to facilitate this production, and the City requests unredacted records.

I.   **Background Regarding the City's Need for Basic Documents to Evaluate DFP's Motion**

On March 12, 2020, DFP filed its Motion (Doc. #65), including the attached Declaration of DFP's attorney Thomas H. Fusonie (Doc. #65-2) and a spreadsheet, with redactions, prepared by DFP's counsel. Mr. Fusonie's Declaration describes the spreadsheet attached as its Exhibit 1 as "a chart that I prepared." He further includes in his Declaration "estimate[s]" of his own time, and other attorneys' time for "finaliz[ing] this Motion and supporting evidence," in addition to the time listed on the spreadsheet. (Doc. #65-2, Fusonie Declaration) The spreadsheet itself contains a table with dates, attorney names, hours, rates, amounts, and narratives, with some narratives redacted. The narratives indicate that Mr. Fusonie, and perhaps other attorneys with his firm, prepared the spreadsheet in March 2020. (*Id.*)

---

defending separate claims against it filed by both DFP and the State and litigating and briefing the case on two separate fronts.

DFP's Motion and its Exhibits do not provide the City with the information it needs to analyze and evaluate DFP's Motion, or assess the reasonableness of DFP's requested award. To the contrary, many aspects of DFP's attorneys' time-keeping, billing, and invoicing are omitted or unclear from its Motion and Exhibits, including:

- Whether any engagement or retention letters exist, and the nature of any retention or fee agreement between DFP (or any other person or entity) and its attorneys, including whether DFP is the real party in interest, whether any third party has agreed to pay attorneys' fees or costs, whether any third party has agreed to indemnify DFP or the Vorys firm for attorneys' fees or costs, the agreed-upon hourly rates, the agreed-upon retention and its scope, and nature of the fee and billing agreement or arrangement;

- Whether DFP's attorneys kept contemporaneous time records, and what information is included on them;

- Whether the spreadsheet differs from contemporaneous time records, and whether DFP has omitted, added to, or changed any "Narratives" for purposes of its Motion when compared with its attorneys' contemporaneous time records;

- Whether any invoices or billing records exist;

- Whether DFP's attorneys have sent invoices to DFP or any other person or entity related to this litigation;

- Whether any amounts invoiced have been paid by any person or entity, and what person or entity made each payment.

The City cannot presently answer these questions because DFP's Motion includes no engagement or retention letters, no contemporaneous time records, no documents showing whether DFP is the client being billed or if some other person or entity is financing this litigation, no invoices, no documents showing whether DFP has ever been invoiced, and no documents establishing any payments made or who made them.

On March 13, 2020 - the day after DFP filed its Motion - the Court entered its Order (Doc. #66) staying briefing in opposition to Plaintiff's Motion until counsel have considered attempting to resolve this matter informally.

After receiving the Court's Order, the City informally repeated its requests to DFP for the attorneys' fees-related documents in the three categories outlined above.[2] DFP refused to provide these limited documents, taking the position that its Motion and Exhibits are all that is needed to establish DFP's asserted entitlement to the totality of its requested attorneys' fees and costs. To avoid further expenditure of time and expense on the parties' impasse, the City contacted the Court to advance the issue related to the City's request, and provided the parties' email correspondences on the matter. The City has attached as Exhibit A hereto copies of the correspondences among the parties' counsel regarding the City's request for basic documents, which were previously provided to the Court in advance of the March 31, 2020 status conference.

In the course of the correspondences among counsel, DFP's attorneys revealed to the City's counsel that "no invoices have been generated for the fees sought" in DFP's Motion. (Exhibit A) This, too, was not apparent from DFP's Motion and Exhibits, and further supports the City's need for fee agreements, contemporaneous time records, and invoices, including billing and payment documents.

On March 31, 2020, the Court and counsel for DFP, the City, and the State participated in a telephone conference, which resulted in the Court's Order of the same date requiring DFP to make an *in camera* production of the requested 3 categories of

---

[2] This Position Statement is limited to matters supporting the City's request that DFP provide the requested documents. The City reserves the right to file an Opposition to DFP's Motion, asserting the City's defenses and arguments to DFP's request for attorney fees and costs, at a later date.

5

documents to the Court by April 15, 2020.[3] (Doc. #71). During the telephone conference, the City provided the Court and DFP's counsel with legal authority, referencing Civil Rule 54 and precedent from this Court and the Sixth Circuit supporting the City's position. DFP's counsel indicated they may submit a written explanation of the documents being produced to the Judge for *in camera* review. The Court also invited the City to submit its written position supporting its request for documents, along with any pertinent legal authority, which the City does here.

## II. Applicable Law Supports the City's Request for Basic Documents

The 3 categories of documents requested by the City fall within the scope of what is appropriate under applicable law. The generally-applied test for attorney fee awards in the Sixth Circuit Court of Appeals is this: The court first must determine whether any fees are appropriate, or whether special circumstances would render an award unjust. *See Hensley v. Eckerhart*, 461 U.S. 424, 429, 103 S.Ct. 1933 (1983). If the court finds that some fee award should occur, the next step of the analysis is to determine what amount is reasonable based "on the facts of each case." *Id.* Courts typically calculate this "lodestar amount by multiplying the reasonable number of hours billed by a reasonable billing rate." *Reed v. Rhodes*, 179 F.3d 453, 471 (6th Cir. 1999).

The Sixth Circuit and U.S. Supreme Court have confirmed that a fee award does not entitle a party's attorneys to a financial windfall, noting: "A reasonable fee is 'one that is "adequate to attract competent counsel, but… [does] not produce windfalls to

---

[3] Given that all of the requested documents should already be readily available to DFP and in its possession, and that DFP is already producing the documents to the Court for *in camera* review, any suggestion that DFP would be burdened by the City's limited request should be disregarded. The time expended for DFP to provide the requested basic documents should be very minimal.

attorneys.'" *Reed*, 179 F.3d at 471, *quoting Blum v. Stenson*, 465 U.S. 886, 893, 104 S.Ct. 1541 (1984). The Sixth Circuit has recognized "that 'courts must remember that they do not have a mandate…to make the prevailing counsel rich.'" *Reed*, 179 F.3d at 471, *quoting Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974).

To evaluate reasonableness for purposes of the lodestar calculation, the Sixth Circuit has applied a 12-factor test used by the Fifth Circuit in *Johnson*, 488 F.2d 714, and adopted by the U.S. Supreme Court in *Hensley*, 461 U.S. at 430, n.3. *See Reed*, 179 F.3d at 471-72. The U.S. Supreme Court has enumerated the 12 *Johnson* factors as follows:

> (1) the time and labor required by a given case; (2) the novelty and difficulty of the questions presented; (3) the skill needed to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

*Hensley*, 461 U.S. at 430, n.3. Courts can adjust and reduce the lodestar calculation to a "reasonable" amount using these *Johnson* factors. *Reed*, 179 F.3d at 471.

To establish that a requested amount is reasonable, "[t]he party seeking attorneys' fees bears the burden of documenting his entitlement to the award." *Reed*, 179 F.3d at 471; *see, also, Imwalle v. Reliance Medical Products, Inc.*, 515 F.3d 531, 552 (6th Cir. 2008) (The court "must conclude that the party seeking the award has sufficiently documented its claim'"). A party seeking fees and cost "'should submit evidence supporting the hours worked and rates claimed.'" *Reed*, 179 F.3d at 472, *quoting Hensley*, 461 U.S. at 433.

DFP's burden to prove that its requested fees and cost award is reasonable includes providing documentation of its contemporaneous time records, hours, hourly rates, and

billing records. The Sixth Circuit has observed that "[a]ttorneys who seek fees have an obligation 'to maintain billing time records that are sufficiently detailed to enable courts to review the reasonableness of the hours expended' on the case." *Imwalle*, 515 F.3d at 552. When a party's "'documentation of hours is inadequate, the district court may reduce the award accordingly.'" *Reed*, 179 F.3d at 472; *quoting Hensley*, 461 U.S. at 433. For example, the Sixth Circuit has reduced attorney fee awards "on the basis of insufficient billing descriptions where the attorney did not 'maintain contemporaneous billing records of his time or the nature of his work, * * * and where billing records 'lumped' together time entries under one total so that it was 'impossible to determine the amount of time spent on each task.'" *Imwalle*, 515 F.3d at 553. (Internal citations omitted.)

Engagement and retention letters also fall within the scope of the contemplated documentation. Pursuant to Fed. Civ.R. 54(d)(2)(B)(iv), unless a statute or court order provides otherwise, a motion for attorneys' fees must "disclose, if the court so orders, the terms of any agreement for the services for which the claim is made." The U.S. Supreme Court has found that that the presence of a pre-existing fee agreement "may aid in determining reasonableness" because "'[t]he fee quoted to the client or the percentage of the recovery agreed to is helpful in demonstrating the attorney's fee expectations when he accepted the case.'" *Blanchard v. Bergeron*, 489 U.S. 87, 93 (1989). (Internal citations omitted.) The Court further observed that, while not "an automatic ceiling" on a fee award, "a private fee arrangement" is one of the "factors to be considered" when evaluating fees under Section 1988. *Id.* at 93 and paragraph one of the syllabus.

The *Johnson* factors also support the City's request for production of engagement and retention letters, contemporaneous time records, and invoices, including billing and payment records, since the City must be able to assess all 12 factors, including: "(1) the

8

time and labor required by a given case; * * * (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; * * * [and] (11) the nature and length of the professional relationship with the client." *Hensley*, 461 U.S. at 430, n.3. The City cannot adequately evaluate the *Johnson* factors without the requested documents.

To make all of these assessments, the City must have documents which allow it to appropriately evaluate DFP's Motion and its Exhibits, DFP's purported entitlement to fees, reasonableness, the *Johnson* factors, and the multiple questions within those evaluations which the City cannot currently answer based on DFP's Motion, including:

- Is DFP a real party in interest for the attorneys' fees and costs award it seeks under Section 1988? What fee agreements or arrangements are in place? Has any third party agreed to pay, or actually paid, DFP's attorneys' fees or costs? Has any third party agreed to indemnify DFP or the Vorys firm for attorneys' fees or costs?

- Is DFP entitled to any attorneys' fees or costs? Do special circumstances exist which preclude a fee award that would be borne by Toledo's taxpayers?

- Even assuming some fee or cost award is appropriate, has DFP established that its requested award of approximately $300,000 is reasonable?

- Are each DFP's attorney's (and other timekeepers for whom it seeks fees) proposed hourly rates, most of which are in excess of $400 an hour, reasonable?

- Are each of DFP's attorney's hours billed reasonable?

- Are the amounts of DFP's asserted fees and costs reasonable? What is the total amount involved based on DFP's attorneys' contemporaneous time records?

- What is the total amount of time and labor for each of DFP's attorneys, as contemporaneously recorded?

- What are DFP's attorneys' customary fees for this case?

- Are DFP's attorneys' fees are fixed or contingent?

9

- Were there any time limitations imposed by the client or circumstances?
- What is the nature, length, and scope of the professional relationship with the client or any third party?

Of additional concern, and further supporting the City's request, is DFP's attorney's statement in correspondence to the City's counsel that DFP's counsel has sent no invoices related to this matter. (See March 24, 2020 Email of T. Fusonie, attached in Exhibit A.) This indicates that any fee award could result in an impermissible "windfall" for DFP's attorneys. The City must be able to confirm whether DFP's request would have that improper result. *Reed*, 179 F.3d at 471; *Blanchard*, 489 U.S. 87, at paragraph one of the syllabus (the lodestar figure "prevents a "windfall" for attorneys in § 1983 actions by guaranteeing that they receive only the reasonable worth of the services rendered").

All of this requested information falls squarely within the Sixth Circuit's test for entitlement to fees and the reasonableness of fee awards. Conversely, the Declaration and spreadsheet prepared by DFP's counsel in March 2020 - which may or may not be complete and reflect any contemporaneous time records – does not allow the City to answer the above questions, assess DFP's asserted entitlement to any attorneys' fees, determine reasonableness for purposes of the lodestar calculation, or evaluate the *Johnson* factors for purposes of DFP's Motion or the Court's March 13, 2020 entry.

DFP should not be permitted to submit an attorneys' fees and costs motion - which would have the effect of assessing the taxpayers of the City of Toledo with paying its several hundred thousand dollars of claimed attorneys' fees and costs - with the one-sided benefit of possessing critical information and documents bearing directly on DFP's claim for attorneys' fees and costs and its burden to establish the reasonableness of its demand. Requiring the City to evaluate DFP's Motion without these basic documents would be unfairly prejudicial to the City and give DFP an unfair advantage. The City's request is

10

reasonable, consistent with applicable law and the Court's March 13, 2020 Order, and proportional to the City's need to assess DFP's Motion and the reasonableness of the fees and costs requested.

### III. Conclusion

Based upon the foregoing, the City's asks the Court to enter an Order requiring DFP to produce the 3 limited categories of documents to the City, or, alternatively, directly providing the requested documents to the City following the Court's *in camera* review.

                Respectfully submitted,

                */s/ Jennifer A. McHugh*
                Gerald R. Kowalski (0022323)
                Stephen D. Hartman (0074794)
                Sarah K. Skow (0081468)
                Jennifer A. McHugh (0084842)
                SPENGLER NATHANSON P.L.L.
                900 Adams Street
                Toledo, Ohio 43604-5505
                Telephone: (419) 241-2201
                Facsimile: (419) 241-8599
                gkowalski@snlaw.com
                shartman@snlaw.com
                sskow@snlaw.com
                jmchugh@snlaw.com

                *Counsel for Defendant, City of Toledo, Ohio*

**CERTIFICATE OF SERVICE**

      This is to certify that a copy of the foregoing has been electronically filed this 14th day of April, 2020. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. Parties may access this filing through the Court's system.

                                                      */s/ Jennifer A. McHugh*
                                                      Jennifer A. McHugh

481358